587 A.2d 696

**Joseph A. MAYERCHECK, Petitioner,**

v.

**Ellen WOODS, Respondent.**

Supreme Court of Pennsylvania.

Argued March 9, 1990.

Decided March 8, 1991.

Reconsideration Denied April 22, 1991.

Matthew E. Jackson, Jr., Pittsburgh, for petitioner.

Ellen Woods, Pittsburgh, for intervenor.

Barbara G. Cymerman, Pittsburgh, for respondent.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Dr. Joseph Mayercheck has petitioned this Court to issue a Writ of Prohibition and a Writ of Habeas Corpus in a

custody case. This Petition for Extraordinary Relief is the latest salvo in a long litany of court challenges attended by acrimonious charges. In his request for such relief, Petitioner alleges a breakdown of the legal system in failing to grant him custody of his daughter.

Dr. Mayercheck and Respondent were married in December, 1978. A child, Amanda, was born on December 1, 1979. The couple separated in March, 1980. Following the court's rejection of Respondent's contention that Dr. Mayercheck was unfit, in September, 1980, Dr. Mayercheck was awarded visitation rights. On January 13, 1982, Dr. Mayercheck was given partial custody of the child. The couple was divorced in 1983, and both have remarried. This period of time was filled with charges and countercharges that the other parent was unfit or psychologically abused Amanda or interfered with the relationship between parent and child.

On December 18, 1987, Woods filed a Petition to Suspend the Existing Custody Order of 1982. After hearing testimony from the psychologist assigned to the case, the Honorable Terrence O'Brien issued a temporary suspension pending further clinical evaluation of whether Amanda should continue to see her father. One month later, on January 19, 1988, Judge O'Brien heard arguments by all parties on the temporary suspension. At that time, Mayercheck and Woods agreed to a consent order by which Amanda was permitted to stay with her father on Sunday, January 27, 1988, with any additional custody or visitation to be on the recommendation of the psychologist and approved by the court. Dr. Mayercheck agreed to this order which restricted his prior partial custody rights.

Additional consent orders were entered, with Dr. Mayercheck present, on February 11, March 17, and April 7, 1988, the latter granting him unsupervised visits for two afternoons per week. Included in the above orders were adjustments in child support.

The next step in this record precipitated the present crisis. Dr. Mayercheck was to have partial custody visitation of Amanda between 6:30 p.m., August 19 until Monday,

August 23, 1988, at 6:45 p.m. After receiving the child, he left a message on the answering machine of the court psychologist that he would not return his daughter, nor disclose her location, unless Woods agreed in writing to abstain from obstructing his custody visitations and post a bond.

On August 22, 1988, Woods filed an emergency petition for the return of the child and termination of all custody and visitation rights. Following the return of the child, the court scheduled three hearings on August 31, September 9, and September 19, 1988, when Amanda testified in chambers. On September 22, 1988, the court temporarily suspended custody and visitation but allowed Dr. Mayercheck to maintain telephone contacts with his daughter. This order also directed that Dr. Mayercheck obtain psychiatric counseling to help him accept his role as the non-primary custodian.

Dr. Mayercheck appealed this order and child support to the Superior Court which affirmed the decision in a memorandum opinion and order. We denied allocatur in September, 1990.

Meanwhile, on September 30, October 19, and October 28, 1988, Dr. Mayercheck petitioned the court for hearings on the custody issue. The court denied his petitions and ruled that he would not be heard until the ordered psychiatric treatment was completed. Another Motion for Special Relief under Pa.R.C.P. 1915.13, dated November 18, 1988, requesting reinstatement of custody, was rejected for the same reasons.[1]

1. Rule 1915.13 **SPECIAL RELIEF**
At any time after commencement of the action, the court may on application or its own motion grant appropriate interim or special relief. The relief may include but is not limited to the award of temporary custody, partial custody or visitation; the issuance of appropriate process directing that a child or a party or person having physical custody of a child be brought before the court; and a direction that a person post security to appear with the child when directed by the court or to comply with any order of the court. **Note**

One year later, on November 13, 1989, psychiatrist Dr. Mark King informed the court that Dr. Mayercheck had completed his therapy. Telephone contacts with Amanda were resumed one week later.

As far as can be ascertained with clarity from his somewhat confusing brief in support of the instant petition, Dr. Mayercheck appears to ground his allegation of a breakdown of the legal system and a denial of due process on the refusal of the court to consider his Motion for Special Relief under Pa.R.C.P. 1915.13 requesting reinstatement of custody, (November 18, 1988) as a challenge to the temporary suspension order of September 22, 1988. In his view, the court has been obligated to hold a hearing under Rule 1915.13 in order to offer him an opportunity to challenge that order. Its refusal to do so by simply continuing the temporary order, he argues, constitutes an unlawful exercise of judicial authority. The petition for habeas corpus and prohibition obviously are aimed, therefore, at depriving the trial court of jurisdiction and delivering Amanda to him.

■■■ We reject this argument. A writ of prohibition should be issued only in cases of extreme necessity where none of the ordinary remedies at law is applicable or adequate to afford relief. *Department of Public Welfare v. Court of Common Pleas of Philadelphia County,* 506 Pa. 410, 485 A.2d 755 (1984). Application of the Writ, moreover, is appropriate in those situations in which an inferior court commits abuse of discretion by exceeding its authority in adjudicating the case. The concern is with jurisdiction as exercised as opposed to error or mistake in application. *Capital Cities Media v. Toole,* 506 Pa. 12, 483 A.2d 1339 (1984).

■■■ On the record in this case, there is no evidence to suggest that the court below failed in any way to afford Dr.

This rule supplies relief formerly available by habeas corpus for production of the child.

Mayercheck the protection of due process of law. He participated in all litigation before the court, cross-examined witnesses, and freely entered into consent agreements. We will not inquire behind those consent agreements. Furthermore, we find that the court acted properly in refusing to hear any additional arguments regarding custody until he complied with the order to complete a course of psychological treatment.

That course of treatment, however, has now been completed, and he is entitled to be heard once again. We therefore order the reinstatement of his Motion for Special Relief under Pa.R.C.P. 1915.13, filed on November 18, 1988, and remand for that purpose. That Rule was designed to supply relief formerly available by habeas corpus for the production of the child and thereby will satisfy his petition for special relief.

We anticipate that any subsequent appeals by the parties will proceed in an orderly fashion to the Superior Court.

The Motion for Special Relief under Pa.R.C.P. 1915.13, filed on November 18, 1988, is reinstated and the matter remanded to the Court of Common Pleas of Allegheny County for proceedings consistent with this opinion.

LARSEN, McDERMOTT and CAPPY, JJ., did not participate in the consideration or decision of this matter.