The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Joseph E. SIMPSON, Defendant–
Appellant.

No. 97CA0923.

Colorado Court of Appeals,
Div. IV.

June 11, 1998.

Rehearing Denied July 23, 1998.

Certiorari Denied Jan. 4, 1999.

Gale A. Norton, Attorney General, Martha Phillips Allbright, Chief Deputy Attorney General, Richard A. Westfall, Solicitor General, Lauren A. Edelstein, Assistant Attorney General, Denver, for Plaintiff–Appellee.

David F. Vela, Colorado State Public Defender, Claudia Brett Goldin, Deputy State Public Defender, Denver, for Defendant–Appellant.

Opinion by Judge RULAND.

Defendant, Joseph E. Simpson, appeals the sentence imposed by the trial court following his guilty plea to first degree burglary. We affirm.

As a result of a plea agreement, defendant entered guilty pleas in five separate cases in two divisions of the district court. In the instant case, defendant was sentenced to six years probation, to be served concurrently with a six-month term earlier imposed by another judge for defendant's guilty plea to driving under the influence of alcohol.

As a condition of probation, the trial court ordered that defendant serve two years in a work release program through the Pueblo County Jail. Defense counsel objected.on the grounds that defendant was not then currently employed. In response, the court granted defendant "furloughs to seek employment on a reasonable basis."

Following his incarceration, defendant filed a motion for a furlough to seek employment, which was granted by the trial court. How-

ever, a similar request to the judge who had imposed the DUI sentence was denied. Subsequent requests were similarly ineffective, with the result that defendant did not participate in conventional employment prior to initiating this appeal.

## I.

Defendant first contends that the trial court erred by sentencing him to two years in a work release program. More specifically, defendant contends that because he was not employed, not capable of seeking employment, and not enrolled in school at the time of sentencing, the court was statutorily limited to imposing no more than a 90–day jail term as a condition of probation. We disagree.

Defendant's claim involves a consideration of two statutory sentencing provisions. Section 16–11–202, C.R.S.1997, provides, in pertinent part:

> In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed during such time or for such intervals within the period of probation as the court determines. The aggregate length of any such commitment ... shall not exceed ninety days for a felony, sixty days for a misdemeanor, or ten days for a petty offense unless it is a part of a work release program pursuant to section 16–11–212.

However, §16–11–212, C.R.S.1997, which authorizes a work release program as a condition of probation, states that:

> [T]he court may require the probationer to participate for a period not to exceed two years or the term to which he might be sentenced for the offense committed, whichever is less, in a supervised work release or education release program. Utilization of the county jail, a municipal jail, or any other facility may be used for the probationer's full-time confinement, care, and maintenance, except for the time he is released for scheduled work or education.

It is defendant's position that these statutes reflect the General Assembly's determination that the therapeutic benefits of a traditional jail sentence as a condition of probation cannot justify a sentence beyond ninety days, unless the jail sentence is part of a work release program.

He further contends that the statutory work release program contemplated by the General Assembly is limited to one of compensated employment or education. Therefore, because he was unable to do either, he argues that the court was limited to imposing the ninety-day jail term contemplated in § 16–11–202.

In resolving questions of statutory interpretation, we must ascertain and give effect to the intent of the General Assembly. In determining that intent, we first look to the plain language of the statute, *People v. District Court,* 713 P.2d 918 (Colo.1986), as well as the problem addressed by the legislation and the statutory remedy created to cure the problem. *Charnes v. Boom,* 766 P.2d 665 (Colo.1988). In this context, we note that statutes governing the same subject must be reconciled, if possible. *People v. Santisteven,* 868 P.2d 415 (Colo.App.1993). Finally, the statutory scheme must be read and considered as a whole to give consistent, harmonious, and sensible effect to all its parts. *Charnes v. Boom, supra.*

Construing the language of the statutes at issue in its entirety, we find no support for a conclusion that imposition of a two-year jail term as part of a work release program is contingent upon an offender's then having compensated employment or being enrolled in educational courses at the time of sentencing. This construction would deprive certain defendants of the rehabilitative benefits of participation in a work release program. And, had the General Assembly intended to place these limits on the court's authority, it could have done so. Instead, the court's authority to impose such a sentence as a part of a work release program is not restrained or limited in any way.

Therefore, we conclude that the sentencing court did not exceed its authority in imposing the two-year jail term as a condition of defendant's probation.

## II.

Defendant further contends that the trial court erred by imposing a sentence that was

impossible for him to comply with because he was unable to leave the jail to participate in a work release program. We again disagree.

Defendant fails to recognize that it was not the sentence here being appealed that prevented him from participating in a traditional work release program. Rather, defendant remained confined to jail because he was serving a separate, six-month DUI sentence. Therefore, his confinement is attributable to the DUI sentence and is not an improper result of his work release sentence.

When defendant's DUI sentence is complete, defendant may again petition the court for work-seeking furloughs. Also at that time, defendant's two-year period of work release will have been shortened by the amount of time served for the DUI conviction.

The sentence is affirmed.

CASEBOLT and ROY, JJ., concur.