The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Cathy Jane BRUNNER, Defendant–Appellant.

No. 02CA2321.

Colorado Court of Appeals, Div. III.

Feb. 12, 2004.

Ken Salazar, Attorney General, Katharine J. Gillespie, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Donald R. Carwin, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge CARPARELLI.

Defendant, Cathy Jane Brunner, appeals the trial court's order revoking her probation and imposing a twenty-day county jail sentence. We affirm.

On June 1, 1992, following defendant's guilty plea to a felony theft count, the trial court sentenced her to eight years of probation and ordered her to pay $39,365.17 in restitution and court costs. On June 1, 2000, the prosecution filed a complaint for revocation of probation alleging that defendant failed to make payments. The trial court revoked defendant's probation and, after confirming that she had paid the restitution in full, sentenced her to twenty days in county jail.

## I.

■ Defendant contends that the trial court lacked jurisdiction to revoke her probation because the last day of her probation was May 31, 2000, and the prosecution filed its complaint to revoke her probation on June 1, 2000. We are not persuaded.

This court reviews jurisdictional questions de novo. *Springer v. City & County of Denver,* 13 P.3d 794 (Colo.2000); *People v. Valdez,* 68 P.3d 484 (Colo.App.2002).

■ A district court loses jurisdiction over a probationer after the term of probation has expired. *People v. Galvin,* 961 P.2d 1137 (Colo.App.1997).

In § 2–4–101, et seq., C.R.S.2003, the General Assembly provides general rules for the construction of statutes. Section 2–4–107, C.R.S.2003, provides that the word "year" means a calendar year. With regard to computation of time, § 2–4–108, C.R.S.2003, provides that:

(1) In computing a period of days, the first day is excluded and the last day is included.

. . . .

(3) If a number of months is to be computed by counting the months from a particular day, the period ends on the same numerical day in the concluding month as the day of the month from which the computation is begun. . . .

However, the statute is silent with regard to the method for calculating a period of years.

In light of the statutory methods of computing a period of days and a number of months, we conclude that a period of years ends on and includes the anniversary date in the concluding year, that is, the same month and day of the concluding year as the month and day from which the computation began. *See also Gibson v. People,* 44 Colo. 600, 99 P. 333 (1909)(holding that a child is sixteen years of age on the sixteenth anniversary of his birth); *Cade v. Regensberger,* 804 P.2d 238 (Colo.App.1990)(holding that the date of the event that triggers the start of a limitation period is excluded from the computation of the statutory period, and the anniversary date is included); *Patterson v. Monmouth Reg'l High Sch. Bd. of Educ.,* 222 N.J.Super. 448, 537 A.2d 696 (N.J.Super.Ct.App.Div.1987)(discussing methods for determining periods of years and concluding that anniversary date is included).

Therefore, the last day of defendant's probation was June 1, 2000. Thus, because the complaint was filed on the last day of the probation period, the trial court had jurisdiction to revoke defendant's probation.

Having so ruled, we need not address the People's alternative argument that service of the summons tolled the term of the probation period or defendant's argument in reply that there was no tolling because the summons and service were defective.

## II.

Defendant next contends that the trial court abused its discretion when it imposed a punitive twenty-day jail sentence. We disagree.

On appellate review of a sentence, the decision of the sentencing court must be accorded deference, and the sentence imposed will not be overturned absent a clear abuse of discretion. *People v. Fuller,* 791 P.2d 702 (Colo.1990); *see also* § 18–1–409(1), C.R.S.2003.

Defendant settled with the victims in September 2002. However, because defendant failed to comply with court-ordered payments for eight years, we conclude that the court did not abuse its discretion when it imposed a punitive jail sentence.

The order is affirmed.

Judge KAPELKE and Judge ROY concur.