The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Ruben A. ROMERO, Defendant–
Appellant.

No. 06CA1209.

Colorado Court of Appeals,
Div. IV.

Dec. 13, 2007.

John W. Suthers, Attorney General, John D. Seidel, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Joseph Paul Hough, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge BERNARD.

Defendant, Ruben A. Romero, appeals the order revoking his probation. We affirm.

## I. Background

The following facts are undisputed. On April 20, 2001, defendant pled guilty to one count of attempted aggravated motor vehicle theft and one count of driving while ability impaired. He was sentenced to one year of supervised probation to run from April 20, 2001, until April 20, 2002.

In July 2001, and again in May 2002, the probation department filed motions alleging defendant had violated the terms of his probation. Both motions were resolved by defendant's agreement to extend his probation for an additional year. The second agreement extended his probation until November 4, 2003.

Defendant failed to pay the court-ordered restitution by November 3, 2003. On that date, defendant, his probation officer, and the assistant district attorney signed a "Motion, Stipulation and Order to Extend Probation," which requested that defendant's probation be extended, for a third time, to November 4, 2004. This document was filed with the trial court on November 4, 2003, and the trial court signed it on November 5, 2003.

On November 4, 2004, the probation department filed a third revocation complaint. The parties stipulated that defendant's probation would be revoked and that he would serve a two-year sentence in a community corrections facility. At his sentencing hearing, defendant contended, for the first time, that his case should be dismissed because the trial court did not have jurisdiction to extend his probation, as the court did not sign the motion extending his probation until one day after his probationary term expired. At a later hearing, the trial court denied defen-

dant's motion and sentenced him to the stipulated term in community corrections.

## II. Trial Court's Jurisdiction

■ Defendant contends the trial court erred by failing to grant his motion to dismiss. He argues the trial court lost jurisdiction over his case because it did not enter the order extending his probation until November 5, 2003, one day after his probation term had ended. We disagree.

■ We review questions concerning a trial court's jurisdiction to revoke probation de novo. *See People v. Brunner*, 87 P.3d 267, 268 (Colo.App.2004).

The court may reduce or increase the term of probation for good cause. § 18–1.3–204(4), C.R.S.2007. Section 16–18.5–105(3)(d)(III), C.R.S.2007, authorizes a court to extend a defendant's probationary period when the defendant has not paid restitution as ordered. *See also People v. Conner*, 148 P.3d 235, 237 (Colo.App.2006).

Defendant contends the trial court's jurisdiction in this case is controlled by the statute governing probation revocation proceedings, section 16–11–205, C.R.S.2007. Relying on *People v. Galvin*, 961 P.2d 1137, 1138–39 (Colo.App.1997), he argues the only way a probationary period can be tolled is by the initiation of probation revocation proceedings, and there are only four ways to initiate such proceedings: (1) the issuance of summons by a probation officer requiring the probationer to appear in court; (2) the arrest of a probationer by a probation officer; (3) the filing of a complaint for the revocation of probation; or (4) the filing of a report by the probation officer or a verified complaint by any person.

Further, defendant argues, citing *People v. Gore*, 774 P.2d 877, 883–84 (Colo.1989), that one of these steps must be taken before the probationary term ends. We note that *Gore* relied heavily on *People v. Peretsky*, 44 Colo. App. 270, 272–73, 616 P.2d 170, 172–73 (1980), in which a division of this court determined that the two-year limitation period for a deferred judgment was tolled when a complaint and arrest warrant were issued within

the statutory period, and the defendant was voluntarily absent from the jurisdiction or imprisoned for another offense. The division concluded that the "crucial factor which in fact tolls the running of the limitation period" is that "the State has initiated revocation proceedings by issuance of a complaint and warrant." *Id.* at 273, 616 P.2d at 172; *see also People v. Nichols,* 140 P.3d 198, 201 (Colo.App.2006); *People v. Guerrero,* 26 P.3d 537, 538 (Colo.App.2001).

However, defendant's argument ignores the difference between revoking and extending probation, a distinction central to this case. In *Conner,* 148 P.3d at 238–40, the division pointed out the significant differences between proceedings revoking and extending probation, and concluded that due process does not require a court to grant a defendant a hearing before extending probation when a defendant consents to the extension.

Although we agree with defendant that the cases upon which he relies provide an analytical framework useful to the resolution of this case, the issue here is whether the execution and filing of a motion requesting an extension of probation tolls the running of the probationary period, not whether any of the four methods for tolling the probationary period in a probation revocation proceeding was pursued. Thus, we must decide what actions are necessary to initiate a proceeding to extend probation. We find the answer in the statute governing the extension of probation, just as the courts in *Gore, Galvin,* and *Peretsky,* turned to the statutes governing probation revocations and deferred judgments to find the answer in those cases. *See Gore,* 774 P.2d at 879 (probation is a product of statute, and "the terms of probation must be derived from statute").

Section 18–1.3–204(4) states:

For good cause shown and after notice to the defendant, the district attorney, and the probation officer, and after a hearing if the defendant or the district attorney requests it, the judge may reduce or increase the term of probation. . . .

■ Following *Peretsky's* reasoning, the "crucial factor[s]" for initiating probation extension proceedings under section 18–1.3–

204(4) are (1) showing good cause to extend the term; (2) giving notice to the defendant, the district attorney, and the probation officer; and (3) providing a hearing, if the defendant or the district attorney requests one.

Here, the motion stated defendant had not paid court-ordered restitution, which supplied good cause under section 16–18.5–105(3)(d)(III) to extend his probation. Notice was provided to defendant, the probation officer, and a member of the district attorney's office, because all three signed the motion. Neither defendant nor the district attorney's representative requested a hearing. The motion was filed with the court on the last day of defendant's probationary period. *See Brunner,* 87 P.3d at 269 (a probationary period of years "ends on and includes the anniversary date in the concluding year, that is, the same month and day of the concluding year as the month and day from which the computation began").

We conclude the procedures to extend defendant's probationary period were initiated before his probationary term ended because a motion satisfying the requirements of section 18–1.3–204(4) was filed with the court while he was still on probation. Thus, we further conclude the trial court did not lose jurisdiction over defendant's case, even though the court signed the order attached to the motion one day after defendant's probationary term would have otherwise expired. *See People v. Knott,* 83 P.3d 1147, 1148 (Colo.App.2003) (resentencing procedures under sections 16–11–204(4) and 17–27–105(1)(h), C.R.S.2007, initiated by filing of letter from community corrections program director requesting that the defendant be resentenced).

### III. Waiver of Counsel

■ Defendant argues the motion to extend probation was invalid because he signed it without the benefit of counsel. We disagree.

A motion to extend probation does not require a hearing unless a defendant or the district attorney requests one. § 18–1.3–204(4); *Conner,* 148 P.3d at 238–40. Because neither party requested a hearing here, the

motion to extend probation was not a critical stage that would require the presence of counsel. *Cf. People v. Duke,* 36 P.3d 149, 152 (Colo.App.2001)("While a defendant who has been terminated from community corrections has no right to a resentencing hearing where the new sentence imposed does not exceed the original sentence, if the court, in its discretion, grants a hearing, the defendant has a right to counsel at that hearing. If, however, the court does not grant a hearing, the defendant has no right to counsel with respect to resentencing." (citations omitted)); *People v. Lippoldt,* 902 P.2d 852, 853 (Colo. App.1995)("when a probation revocation hearing involves a prison sentence that had previously been imposed but then suspended in favor of probation, the proceeding has been held not to be part of the criminal prosecution"), *overruled on other grounds by People v. Abdul,* 935 P.2d 4 (Colo.1997); *People v. Blackorby,* 41 Colo.App. 251, 252–53, 583 P.2d 949, 951 (1978)("since the defendant requested the extension [of his deferred judgment], we reject his suggestion that the granting of the extension violated due process because he was not represented by counsel").

■ Even assuming defendant had some right to counsel in these circumstances, it is clear defendant knew he could ask for counsel to represent him and did not make the request. He had twice previously agreed to extensions of probation, after probation revocation motions had been filed, while represented by counsel. Defendant signed a signature line on the motion to extend probation at issue here, which was directly above the statement "[a]ttorney waived with regard to this matter." *See People v. Arguello,* 772 P.2d 87, 96 (Colo.1989)(determination whether a defendant voluntarily, knowingly, and intelligently waived the right to counsel is accomplished by examining the totality of the circumstances in the whole record).

Thus, we reject defendant's claim that he was denied his right to counsel.

■ We also are not persuaded by defendant's argument that his consent to the extension of the probationary period was involuntary, based upon the prosecutor's statement that agreements between the probation department and defendants to extend probation were "not exactly consensual."

The prosecutor's comment occurred while explaining, based upon his experience, that motions to extend probationary terms were normally filed in two situations. In one situation, which the prosecutor described as "truly consensual," defendants approached their probation officers, acknowledged their difficulties, and asked for more time on probation to satisfy the probationary conditions. The second situation, which the prosecutor referred to as "not exactly consensual," occurred when probation officers contacted defendants, told them they were violating the conditions of probation, and offered them a choice: voluntarily agree to extend the probationary term, or the probation officer would file a complaint to revoke probation. The prosecutor then stated, "I don't know which of those scenarios played out in this case. But either way, the [d]efendant has an informed choice. It's not done behind his back."

Once placed in context, the prosecutor's statements do not support defendant's argument that his agreement to extend his probation was involuntary. Defendant did not present evidence indicating the probation officer threatened him to obtain his agreement to extend the probationary period. Nor did defendant assert that he did not understand what he was doing, particularly because he had twice previously agreed to extend his probation while being represented by counsel. *See Conner,* 148 P.3d at 238 (no basis for concluding defendant's consent to extend his probation was involuntary when the defendant had been through the probation revocation process twice previously and acknowledged his probation officer did not threaten him).

The order revoking defendant's probation is affirmed.

Judge VOGT and Judge WEBB concur.