The PEOPLE of the State of Colorado,
Plaintiff–Appellee,

v.

Michael Fred MONTOYA,
Defendant–Appellant.

No. 09CA2364.

Colorado Court of Appeals,
Div. I.

June 23, 2011.

John W. Suthers, Attorney General, Ryan A. Crane, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Stephen C. Arvin, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Michael Fred Montoya, appeals the sentence to probation imposed following his guilty plea to one count of aggravated driving after revocation prohibited. We conclude that Montoya may not be required to serve more than ninety days in jail as a probationer, unless he is part of a work release program. We further conclude that the trial court's order requiring him to satisfy his work release obligation in the Pueblo County Jail is inconsistent with Colorado law. Accordingly, we vacate the sentence and remand the case for further proceedings consistent with this opinion.

I. Background

In June 2009, police officers arrested Montoya for driving with a revoked license and driving under the influence. The People charged Montoya with aggravated driving after revocation prohibited, driving under the influence, violation of duty upon striking an unattended vehicle, careless driving, failure to have insurance, and driving under restraint-alcohol related offense.

Montoya pleaded guilty to one count of aggravated driving after revocation prohibit-

ed in exchange for a sentence to probation and the dismissal of the other charges. He entered into a plea agreement that contemplated as a condition of probation either a sentence to the Pueblo County Jail or a sentence to a work or educational release facility. The plea agreement stated that if Montoya received probation, then the trial court could sentence him to the Pueblo County Jail "for not more than ninety (90) days as a condition of probation, or up to two (2) years in a work or educational release facility."

At the sentencing hearing, Montoya requested a probation sentence without jail time due to his seizure disorder. The trial court denied his request, sentenced Montoya to probation for a period of two years, and required him to serve ten months in jail.

Subsequently, Montoya filed a motion to modify the conditions of his probation, seeking not to participate in a work or educational release program. In the motion, Montoya stated that he "is physically incapable of working due to his medical problems." He attached to the motion a signed note from a physician stating, "Due to Mr. Montoya's medical problems he is unable to work at this time." A second physician's note attached to the motion stated that due to "medical problems including epilepsy and head injury, [he] has had a significant change in his ability to work or attend college."

In response, and as relevant here, the trial court sentenced Montoya to probation for a period of two years. The trial court further ordered that as conditions of his two years of probation, Montoya complete ten months in the Pueblo County Jail's work release program and 10,000 hours of useful public service, to be performed as his employment at the jail. Upon Montoya's completing his jail time, the trial court would waive the remaining hours of public service.[1]

This appeal followed.

## II. Conditions of Probation

■ Montoya contends that the trial court erred when it imposed as conditions of his

probation ten months in the jail's work release program and 10,000 hours of useful public service to be performed as his employment *at the jail.* More specifically, he contends that he could only be incarcerated for more than ninety days as part of a work release program, but the trial court did not sentence him to work release. We agree.

### A. Standard of Review

Interpretation of a statute is a question of law that we review de novo. *People v. French,* 165 P.3d 836, 839 (Colo.App.2007). We give deference to a trial court's findings of fact and reverse them only for clear error. *People v. Gallegos,* 240 P.3d 882, 885 (Colo. App.2009) (*cert. granted* Aug. 16, 2010).

### B. Analysis

To serve the ends of justice as well as the best interests of the public and the defendant, a court may grant a defendant probation for such period and upon such terms and conditions as it deems best. § 18–1.3–202(1), C.R.S.2010. The length of probation shall be subject to the discretion of the court and may exceed the maximum period of incarceration authorized for the classification of the offense of which the defendant is convicted. *Id.* In addition to imposing other conditions, the court has the power to commit the defendant to any jail operated by the county or city and county in which the offense was committed. *Id.* "The aggregate length of any such commitment ... shall not exceed ninety days for a felony ... unless it is a part of a work release program pursuant to section 18–1.3–207." *Id.*

As a specific condition of probation for a person convicted of a felony, the court may require the probationer to participate for up to two years or the term to which he or she might be sentenced for the offense committed, whichever is less, in a supervised work release or education release program. § 18–1.3–207(1), C.R.S.2010. A county jail, municipal jail, or any other facility may be used for the probationer's confinement, care, and maintenance, except for the time he or she is

---

1. Montoya does not expressly challenge the condition of probation of performing 10,000 hours of useful public service, and therefore we do not address it here.

released for scheduled work or education. *Id.*

Further, when granting probation, the court may require as a condition of probation that a defendant "[w]ork faithfully at a suitable employment or faithfully pursue a course of study or of vocational training that will equip the defendant for suitable employment." § 18–1.3–204(2)(a)(I), C.R.S.2010.

In its amended order, the trial court concluded that ten months in the jail's work release program would be "suitable employment" pursuant to 18–1.3–204(2), C.R.S.2010. Further, the trial court noted that "[n]othing in the record indicates that [Montoya] does not have the physical ability to perform some type of work," and that "[t]o argue that one may circumvent the work release statute by failing to become employed, having a disability or quitting [his or her] job before sentencing is inconsistent with the stated goal of a probationary sentence."

Here, despite the trial court's having stated that Montoya was required to work in the jail's work release program, the trial court's sentence does not, in fact, constitute work release, because the probation condition required Montoya to complete useful public service within the jail. However, a work release program is a correctional program allowing a prison inmate to hold a job outside a jail or prison. *See* § 18–1.3–207(1); *Black's Law Dictionary* 1746 (9th ed. 2009); *see also People v. Garberding,* 787 P.2d 154, 155 n. 4 (Colo.1990) (citing former § 16–11–212 (repealed 2002 and relocated to § 18–1.3–207) (under work release programs, defendants are incarcerated but are permitted to travel to and from their jobs and to work at their jobs under strict guidelines; however, defendants generally remain incarcerated while they are not working at their jobs)). Thus, the trial court's condition of probation that Montoya serve ten months in jail and perform work release at the jail is inconsistent with the definition of work release, which must be done outside of jail.

Accordingly, the trial court erred when it found that Montoya could engage in work release while in jail.

### III. Ten–Month Jail Sentence

Montoya contends that the trial court erred when it sentenced him to ten months in the Pueblo County Jail. Because we conclude that the trial court's imposed conditions of probation do not constitute work release, we agree.

A jail sentence may not exceed ninety days for a felony, unless it is part of a work release program. § 18–1.3–202(1). Montoya pleaded guilty to aggravated driving after revocation prohibited, which is a class six felony. § 42–2–206(1)(b)(II), C.R.S.2010. As discussed above, because Montoya's sentence does not constitute work release, the trial court erred when it imposed a jail sentence exceeding ninety days for a felony, specifically ten months in the Pueblo County Jail for a class six felony. Accordingly, the trial court erred when it imposed the sentence of ten months in jail.

### IV. Montoya's Ability to Work

█ Montoya next contends that the trial court erred when it found that he could perform "some type of work"—10,000 hours of useful public service—in jail. We agree.

#### A. Standard of Review

We defer to the trial court's findings of fact unless they are clearly erroneous or unsupported by the record. *People v. Ferguson,* 227 P.3d 510, 512 (Colo.2010).

#### B. Analysis

Useful public service means any work that is beneficial to the public and involves a minimum of direct supervision or other public cost. § 42–4–1301.4(2)(a), C.R.S.2010.[2] Useful public service "does not include any

2. "Useful public service" is similarly or identically defined in several sections of the Colorado Revised Statutes, including sections 18–1.3–501 and 18–18–432, C.R.S.2010. Here, we rely on the definition in section 42–4–1301.4(2)(a), because Montoya pleaded guilty to an offense codified in the vehicles and traffic law. Further, the statutory definition does not state whether useful public service may be performed in a jail. We will assume that it may be performed there for purposes of this opinion.

work that would endanger the health or safety of any person." *Id.*

Here, the trial court found that Montoya could "perform some type of work," and that Montoya "may always apply to the Warden of the jail to be placed in a trust[y] program."[3] However, the record includes the two physician's notes indicating that Montoya was unable to perform work. No evidence showed that Montoya could work, notwithstanding his disability. In its amended order, the trial court did not explain how Montoya could take part in work release or useful public service, despite the physicians' notes stating otherwise. Thus, the trial court's finding is clearly erroneous.

Nevertheless, the People rely on *People v. Simpson*, 969 P.2d 751, 753 (Colo.App.1998), for the proposition that a defendant's employability status does not restrict a court's authority to sentence a defendant to work release. There, a division of this court held that the trial court did not err when it imposed as a condition of the defendant's probation that he participate in a work release program, despite the defendant's unemployment at the time of the sentencing. Here, in contrast, Montoya objects to his work release condition of probation on the basis that he is unable to work because of his medical problem.

Accordingly, the trial court erred when it found that Montoya could complete "some type of work" in jail as part of a work release program.

The sentence is vacated and the case is remanded for further proceedings consistent with this opinion.

Judge TERRY and Judge MILLER concur.

---

**3.** Persons confined in the county jail, undergoing any sentence in accordance with law, who are engaged in work within or outside the walls of the jail, and who are designated by the sheriff as "trusty prisoners," may be granted such good time as the sheriff may order, not to exceed ten days in any thirty-day period. § 17–26–115, C.R.S.2010.