The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
December 15, 2022

## 2022COA142

**No. 21CA0883, *Peo v Martinez* — Criminal Law — Probation — Restitution — Payment Schedule — Monitoring, Default, Penalties — Extend Period of Probation — Reduction or Increase for Good Cause Shown**

A division of the court of appeals addresses two issues concerning the extension of a defendant's probation where the defendant has made regular restitution payments pursuant to a payment schedule established under section 16-18.5-104(4)(a)(I), C.R.S. 2022, but still has not paid the full amount of restitution. The division first concludes that section 16-18.5-105(3)(d)(III), C.R.S. 2022, does not authorize an extension of probation where a defendant has made all the payments required under a payment schedule, simply because the restitution hasn't been fully paid. The division also concludes that the circumstances of the case do

not establish "good cause" to extend probation under section 18-1.3-204(4)(a), C.R.S. 2022.

Accordingly, the division reverses the trial court's order extending the defendant's probation and remands the case with directions to terminate the defendant's probation.

Court of Appeals No. 21CA0883
El Paso County District Court No. 16CR1482
Honorable David A. Gilbert, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Alicia Andrea Martinez,

Defendant-Appellant.

ORDER REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division VII
Opinion by JUDGE GOMEZ
Harris and Pawar, JJ., concur

Announced December 15, 2022

Philip J. Weiser, Attorney General, Carmen Moraleda, Senior Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Mackenzie Shields, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Andrea Alicia Martinez appeals the trial court's order extending her probation based on her failure to pay the full amount of restitution by the end of her probationary period.  Because of Martinez's indigence, a collections investigator had assessed her ability to pay restitution and put her on a payment schedule under section 16-18.5-104(4)(a)(I), C.R.S. 2022.  Although Martinez made all of the required payments, at the end of her initial four-year probationary period, the balance of her restitution judgment had gone up — not down — because her payments hadn't offset the accrued interest.  Consequently, the trial court extended her probation for another five years, indicating that at the end of that term, it would review her progress toward paying off her restitution.

¶ 2     Resolving Martinez's appeal requires us to address two novel issues concerning a court's authority to extend probation for failure to pay the full amount of restitution.  We first conclude that section 16-18.5-105(3)(d)(III), C.R.S. 2022, does not authorize an extension of probation where a defendant has made all the payments required under a payment schedule established under section 16-18.5-104(4)(a)(I), simply because the restitution hasn't been fully paid. We also conclude that the circumstances of this case do not

1

establish "good cause" to extend probation under section 18-1.3-204(4)(a), C.R.S. 2022.

¶ 3 Accordingly, we reverse the order and remand the case with directions to terminate Martinez's probation.

## I.    Background

¶ 4 In 2016, Martinez pleaded guilty to one count of vehicular assault. She was sentenced to four years of supervised probation and ordered to pay $150,553.07 in restitution.

¶ 5 Because Martinez couldn't pay the full amount of restitution at that time, a collections investigator assessed her ability to pay and established a payment schedule under section 16-18.5-104(4)(a)(I). Initially, the schedule, which was approved by the court, required her to pay $50 per month. That amount was later increased to $100 per month. Over the course of her probationary period, Martinez satisfied her monthly payment obligation every month except for two months, in which she initially missed payments after losing her job but then later repaid the amounts owed, bringing her into compliance with her payment schedule.

¶ 6 About a month before the expiration of Martinez's term of probation, her probation officer filed a complaint to revoke her

probation. The only allegation in support of revocation was that she hadn't yet paid the full amount of restitution. The probation officer recommended that Martinez's probation be revoked and reinstated for ten years of unsupervised probation so that she could continue to make payments toward restitution, which by then, with accrued interest, totaled $188,296.66.

¶ 7 At a hearing on the revocation complaint, the trial court heard testimony from Martinez, her probation officer, her father, and her sister. At the end of the hearing, the court found that Martinez had made the required payments toward her restitution obligation but had failed to pay the total amount of restitution owed. The court also found that Martinez had the ability to continue making payments but not the ability to pay the full remaining amount of restitution. Under these circumstances, the court concluded, the "right thing to do" was to extend the probation period under section 16-18.5-105(3)(d)(III). Without revoking Martinez's probation, the court extended it for five years, unsupervised, conditioned solely on continued payment of restitution. The court indicated that it would set the matter for review again after that five-year period.

## II. Discussion

¶ 8 Martinez contends that the trial court lacked authority to extend her probation under section 16-18.5-105(3)(d)(III). She further contends that section 18-1.3-204(4)(a) does not provide a basis for the court's extension. We agree with both contentions.

### A. Standard of Review

¶ 9 We review de novo issues of statutory interpretation and whether a trial court applied the correct legal standard. *People v. Rainey*, 2021 CO 53, ¶ 14; *People v. Roletto*, 2015 COA 41, ¶ 9.

### B. Authority to Extend Under Section 16-18.5-105(3)(d)(III)

¶ 10 Martinez first contends that the trial court lacked authority to extend her probation under section 16-18.5-105(3)(d) because she hadn't failed to make a payment under her payment schedule and because the statutory procedures weren't followed. We agree.

¶ 11 When a defendant fails to make payments under a restitution payment schedule, section 16-18.5-105(3)(d) allows the collections investigator to request that the court issue a notice to show cause as to why the required payments weren't made. The statute further provides that the court may extend the period of probation upon a finding that the defendant has failed to pay, unless the defendant

4

establishes that they were unable to make the payments. § 16-18.5-105(3)(d)(III).

¶ 12     At the probation revocation hearing, the trial court relied on section 16-18.5-105(3)(d)(III) to extend Martinez's probation.  The court reasoned that Martinez failed to pay the full amount of restitution and had the ability to continue making payments, although not the ability to pay off the entire amount still owed. Therefore, the court concluded that section 16-18.5-105(3)(d)(III) applied to authorize the extension of her probation.

¶ 13     But section 16-18.5-105(3) governs in circumstances when a defendant "fails to make *a payment* of restitution," not when a defendant fails to pay the *full amount* of restitution ordered. § 16-18.5-105(3) (emphasis added).  And here, the parties agree, as do we, that Martinez hadn't failed to make a scheduled payment. (Although the record reflects that she had previously missed two payments when she lost her job, she'd repaid those amounts before the date of the revocation complaint.)

¶ 14     Furthermore, section 16-18.5-105(3) outlines the procedures for a collections investigator to follow at least seven days after a defendant fails to make a scheduled payment.  *See People v. Reyes*,

5

207 P.3d 872, 874-75 (Colo. App. 2008). Here, however, there is no evidence that a collections investigator was involved at the time Martinez missed the two earlier payments or ever requested the court to issue a notice to show cause for any alleged failure to make a restitution payment within seven days of the due date. Rather, the record establishes that, as of the time of the probation revocation hearing, Martinez hadn't failed to make any required payments and was current on her monthly obligations.

¶ 15  Therefore, section 16-18.5-105(3)(d)(III) is inapplicable, both because Martinez hadn't failed to make a scheduled payment at the time her probation period was extended and because its notice procedures weren't followed. Accordingly, the trial court erred by extending Martinez's probation on this basis.

C.  Authority to Extend Under Section 18-1.3-204(4)(a)

¶ 16  Martinez also contends that section 18-1.3-204(4)(a) cannot provide a basis for the trial court's extension of her probation because there was no good cause for such an extension under the facts of this case. Again, we agree.

¶ 17  Section 18-1.3-204(4)(a) provides that a court may increase the term of probation where (1) "good cause" is shown to extend the

6

term; (2) notice has been provided to the defendant, the district attorney, and the probation officer; and (3) a hearing has been held, if the defendant or the district attorney requested one. *People v. Romero*, 198 P.3d 1209, 1211 (Colo. App. 2007).

¶ 18    As an initial matter, we disagree with the People's contention that because the trial court relied solely on section 16-18.5-105(3)(d)(III) to extend Martinez's probation and didn't consider the applicability of section 18-1.3-204(4)(a), we should remand the case for the trial court to consider section 18-1.3-204(4)(a). The parties do not dispute the trial court's factual findings that Martinez made payments toward her restitution obligation as required but failed to pay the total amount of restitution owed and that Martinez had the ability to continue making the scheduled payments. Because the controlling facts are not in dispute and because the parties appropriately addressed the applicability of section 18-1.3-204(4)(a) on appeal, we needn't remand the case to the trial court for further findings. *See People v. Taylor*, 2018 CO 35, ¶ 7 (an appellate court is essentially in the same position as the trial court when reviewing the application of law to undisputed facts).

¶ 19    Turning to the merits, Martinez completed all of her probation conditions, except for paying the full amount of restitution ordered. She diligently made payments toward her restitution obligation as required under her court-approved payment schedule. But despite her regular payments, with the addition of interest, the balance of her obligation had increased from $150,553.07 to $188,296.66. As Martinez's probation officer noted, the "restitution interest balance exceed[ed] any amount[] [Martinez] [was] able to pay on the princip[al]." Indeed, Martinez's monthly payment of $100 per month — the amount the collections investigator found she was able to pay — would not even cover the interest, which accrued at a rate of eight percent per year. *See* § 18-1.3-603(4)(b)(I), C.R.S. 2022. It is therefore unrealistic to expect that, under her current circumstances, Martinez would ever be able to pay off the entirety of her restitution obligation.

¶ 20    While a sentence to probation is a privilege and not a right, *see People v. Ickler*, 877 P.2d 863, 866 (Colo. 1994), it nevertheless carries with it certain weighty obligations and consequences. For instance, a defendant on probation faces the potential, if probation is revoked for any reason, of being resentenced to any term of

incarceration that might have originally been imposed for the underlying offense. *See* § 16-11-206(5), C.R.S. 2022. And a defendant on probation faces many collateral consequences, such as possible restrictions on employment opportunities,[1] travel, curfew, use of alcohol, and possession of weapons, as well as privacy restrictions, including consenting to searches of their residence, vehicle, electronic devices, and other personal effects.[2]

¶ 21     Considering the continued threat of incarceration and the panoply of restrictions that may be imposed upon a defendant on probation, we cannot agree that good cause justifies the extension of probation under the circumstances of this case. Otherwise, the probation of any indigent defendant could be extended repeatedly and indefinitely, amounting to the functional equivalent of a lifetime

---

[1] For instance, persons on probation are ineligible to enlist in any military services, *see* 32 C.F.R. § 66.6(b)(8)(i) (2022); they are ineligible to hold any office of honor, trust, or profit or to practice as an attorney, *see* § 18-1.3-401(3), C.R.S. 2022; and they are ineligible to apply for a gaming license until ten years after their probation ends, *see* § 44-30-801(2)(c), C.R.S. 2022.

[2] Each of these travel, curfew, alcohol, weapon, and privacy restrictions were conditions originally imposed upon Martinez during the pendency of her supervised probation sentence. *See generally* § 18-1.3-204, C.R.S. 2022 (listing mandatory and discretionary conditions of probation).

sentence to probation, simply because of the defendant's indigence. *See Commonwealth v. Henry*, 55 N.E.3d 943, 952 (Mass. 2016) (holding that a court may not extend a term of probation because of an inability to pay restitution and noting that "extending the length of a probationary period because of a probationer's inability to pay subjects the probationer to additional punishment solely because of his or her poverty").

¶ 22    This is particularly so given that our statutes provide a mechanism for the continued payment of restitution as a civil judgment after a probation sentence has been completed.  *See* § 18-1.3-603(4)(a)(I) (an order of restitution "is a final civil judgment in favor of the state and any victim" that "remains in force until the restitution is paid in full"); *Roberts v. People*, 130 P.3d 1005, 1010 (Colo. 2006) (section 18-1.3-603(4)(a) allows for collection of a restitution award "without the time and expense necessary to file an additional civil action").  Our statutes also provide other mechanisms for the enforcement of a restitution judgment.  *See* § 16-18.5-107, C.R.S. 2022; *Allman v. People*, 2019 CO 78, ¶ 35 n.8 (holding that the trial court couldn't sentence the defendant to imprisonment and probation on different counts in the same case

regardless of the court's interest in supervising the defendant for an extended time to ensure he paid his restitution and noting that "[t]he legislature has already provided methods for victims to receive their restitution" (citing § 16-18.5-107)).

¶ 23    The People rely on *Romero* in support of their argument that the failure to pay court-ordered restitution in full constitutes good cause to extend probation.  In *Romero,* a division of this court addressed whether a trial court had jurisdiction to extend a defendant's probation where a joint motion and stipulated order to extend probation was filed with the court on the last day of the probationary period but wasn't signed by the court until the following day.  198 P.3d at 1210.  In its analysis, the division referenced the requirements of section 18-1.3-204(4) and noted that the fact that the "defendant had not paid court-ordered restitution" supplied "good cause under section 16-18.5-105(3)(d)(III) to extend his probation." *Id.* at 1211.

¶ 24    But the division in *Romero* wasn't faced with the question of whether a failure to pay the full amount of restitution before the end of the probationary term, when a defendant has diligently made payments as required by a payment schedule, should constitute

11

good cause to extend probation.  Rather, in deciding whether the execution and filing of the motion and stipulated order to extend probation tolled the running of the probationary period, the division simply addressed the actions necessary to initiate a proceeding to extend probation under the applicable statutes.  *See id.* at 1210-11.  Nevertheless, to the extent that our analysis conflicts with the division's opinion in *Romero,* we respectfully decline to follow it.  *See People v. Thomas*, 195 P.3d 1162, 1164 (Colo. App. 2008) (one division of the court of appeals is not bound by the decision of another division).

¶ 25    We are not persuaded otherwise by the People's argument that an offender's probationary status can act as an incentive to continue payments of restitution, thus justifying the extension of probation under the circumstances presented here.  The threat of incarceration, while potentially providing some motivation to continue paying restitution, also "may have the perverse effect of inducing the probationer to use illegal means to acquire funds to pay in order to avoid revocation."  *Bearden v. Georgia*, 461 U.S. 660, 671 (1983).  And such a risk is unnecessary because our statutory scheme allows for continued payments of restitution to victims after

a defendant's sentence is complete. *See* § 18-1.3-603(4)(a)(I); *see also Huggett v. State*, 266 N.W.2d 403, 409 (Wis. 1978) ("If the probationer lacks the capacity to pay and has demonstrated a good faith effort during probation, failure to make restitution cannot be 'cause' for extending probation. . . . [T]he criminal justice system should not be employed to supplement a civil suit or as a threat to coerce the payment of a civil liability or to perform the functions of a collection agency.").

¶ 26 Accordingly, we conclude that the trial court erred when it extended Martinez's probation to compel her to continue to make payments toward her restitution obligation.[3]

### III. Conclusion

¶ 27 The order is reversed, and the case is remanded to the trial court with directions to terminate Martinez's probation.

JUDGE HARRIS and JUDGE PAWAR concur.

---

[3] Because we agree that the trial court didn't have good cause to extend Martinez's probation under section 18-1.3-204(4)(a), we don't address Martinez's alternative argument that she didn't receive sufficient notice as required by statute.