23CA2244 Peo v Jost 12-19-2024

COLORADO COURT OF APPEALS

Court of Appeals No. 23CA2244
La Plata County District Court No. 23CR18
Honorable Nathaniel Baca, Judge

The People of the State of Colorado,

Plaintiff-Appellant,

v.

Jacob Daniel John Jost,

Defendant-Appellee.

SENTENCE VACATED AND CASE
REMANDED WITH DIRECTIONS

Division VI
Opinion by JUDGE BROWN
Hawthorne*, J., concurs
Welling, J., dissents

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced December 19, 2024

Sean P. Murray, District Attorney, Durango, Colorado, for Plaintiff-Appellant

Megan A. Ring, Colorado State Public Defender, John P. Finnegan, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2024.

¶ 1     The People appeal the district court's order imposing a jail sentence on defendant, Jacob Daniel John Jost, for his felony criminal mischief conviction. Because we conclude that the sentence is illegal, we vacate it and remand the case to the district court to resentence Jost.

## I.     Relevant Background

¶ 2     In March 2023, Jost pleaded guilty to class 6 felony criminal mischief in exchange for the remaining charges against him being dismissed and receiving a stipulated probation sentence. The district court sentenced him to two years on probation.

¶ 3     Five months later, Jost's probation officer filed a complaint to revoke his probation. Jost admitted that he violated his probation, and the court revoked and reinstated the probation sentence for a new two-year term.

¶ 4     Two months later, the probation officer filed a second complaint to revoke Jost's probation. Jost again admitted that he violated his probation. The court revoked the probation sentence and resentenced him to "150 days jail with 133 days of pre sentence confinement credit." The People appeal this sentence, asserting that it is illegal.

## II. Preservation

¶ 5 Initially, Jost argues that we should not address the appeal because the People did not preserve the issue by either objecting to the imposition of the assertedly illegal sentence or filing a Crim. P. 35(a) motion to correct it. He relies on *People v. Gallegos*, 764 P.2d 76 (Colo. 1988), to support this position. In that case, the supreme court concluded that the People's "failure to object at the sentencing hearing to the imposition of a sentence within the presumptive range or to request the trial court, pursuant to Crim. P. 35(a), to correct the sentence," prevented them from asserting on appeal that the defendant's sentence was illegal. *Id.* at 76-77.

¶ 6 In *People v. Wiseman*, a division of this court addressed and rejected a defendant's invocation of *Gallegos* as precluding the People's appeal of his illegal sentence. 2017 COA 49M, ¶¶ 20-21. The division explained that, after *Gallegos*, the supreme court recognized that "[a]llegations that a particular sentence is void or illegal require inquiry into the subject matter jurisdiction of the sentencing court and may not be waived." *Id.* at ¶ 21 (quoting *Downing v. People*, 895 P.2d 1046, 1050 (Colo. 1995)). And because

2

the issue "involves a kind of jurisdictional defect," it can be raised for the first time on appeal. *Id.*

¶ 7 We agree with the division in *Wiseman* and conclude that the People's Crim. P. 35(a) challenge to Jost's sentence can be addressed for the first time in a direct appeal. *See Downing*, 895 P.2d at 1050; *Wiseman*, ¶ 21; *People v. Anaya*, 894 P.2d 28, 31 (Colo. App. 1994) ("When a court imposes a sentence that is illegal, such as one that is in excess of its jurisdiction, the People may raise the issue for the first time on appeal." (citing *People v. Hinchman*, 589 P.2d 917, 919-20 (Colo. 1978))); *see also Fransua v. People*, 2019 CO 96, ¶ 10 ("There is no preservation requirement for a Rule 35(a) claim. It makes no sense to require preservation of a claim on direct appeal when an identical claim could be raised without preservation after the conclusion of the direct appeal.").

### III. Jost's Sentence is Illegal

¶ 8 Crim. P. 35(a) permits a court to correct an illegal sentence at any time. "An illegal sentence is one that is not authorized by law, meaning that it is inconsistent with the sentencing scheme established by the legislature." *People v. Jenkins*, 2013 COA 76,

¶ 11. We review de novo the legality of a sentence. *Magana v. People*, 2022 CO 25, ¶ 33.

¶ 9 A trial court's felony sentencing options include probation and imprisonment. § 18-1.3-104(1), C.R.S. 2024. When imposing a sentence to imprisonment, "a person who has been convicted of a class 2, class 3, class 4, class 5, or class 6 felony shall be punished by the imposition of a definite sentence which is within the presumptive ranges set forth in" section 18-1.3-401(1)(a), C.R.S. 2024. § 18-1.3-401(1)(b)(I); *see also* § 18-1.3-104(1)(b); § 18-1.3-401(6); § 18-1.3-408, C.R.S. 2024. As relevant here, a person convicted of a class 6 felony is subject to a term of imprisonment between one year and eighteen months. § 18-1.3-401(1)(a)(V.5)(A).

¶ 10 In addition, "felonies are punishable by imprisonment in any correctional facility under the supervision of the executive director of the department of corrections [(DOC)]." § 18-1.3-401(1)(c). County jails are not correctional facilities under the supervision of the DOC. *See Beecroft v. People*, 874 P.2d 1041, 1045 n.12 (Colo. 1994); *Castro v. Dist. Ct.*, 656 P.2d 1283, 1284 (Colo. 1982).

¶ 11    So, a 150-day sentence (instead of a sentence between one year and eighteen months) in jail (instead of the DOC) on Jost's class 6 felony criminal mischief conviction was not authorized by law.

¶ 12    Jost asserts that the district court did not impose a jail sentence but, instead, inartfully revoked *and reinstated* his probation sentence with a jail term as a condition of probation.  *See* § 18-1.3-202(1)(a), C.R.S. 2024 ("In addition to imposing other [probation] conditions, the court has the power to commit the defendant to any jail . . . during such time or for such intervals within the period of probation as the court determines.").  We are not persuaded.

¶ 13    At the second revocation hearing, the court accepted Jost's admission to violating his probation conditions and stated, "The Court will revoke your probation."  The court then proceeded to immediate sentencing.  After arguments, the court found that a DOC sentence would not help Jost with his mental health and drug addiction issues and that Jost needed faster access to mental health professionals.  The court then said, "So I am going to impose a jail sentence" and "sentence you to 150 days and give you credit

for 133 days." Consistent with the court's oral ruling, the minute order from the sentencing hearing states that Jost's probation was "revoked" and notes, "Sentence: 150 days jail." The mittimus also contains the following language: "PROBATION IS REVOKED AND DEFENDANT IS SENTENCED TO 150 DAYS JAIL." The mittimus says nothing of reinstating Jost's probation.

¶ 14 On this record, we cannot conclude that the district court intended to impose a new probation sentence with jail as a condition. And we are not convinced by Jost's assertion that we should read such intent into the court's definitive oral and written pronouncements of a jail sentence. Thus, the 150-day jail sentence is illegal and must be corrected. *See People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005) ("[A] trial court has the right and the duty to set aside an illegal sentence."); *People v. White*, 179 P.3d 58, 61 (Colo. App. 2007) ("When a court issues an order that results in an illegal sentence, it has acted outside the scope of its jurisdiction. The court has an affirmative duty to correct this error.") (citation omitted); *cf. People v. Dist. Ct.*, 673 P.2d 991, 994 (Colo. 1983) (concluding that the defendant's prison sentence, which was suspended pending successful completion of two years in a work

release program at the county jail, was illegal because a court can only impose a jail work release program in connection with a probation sentence).

¶ 15 Even accepting Jost's contention that the district court intended to impose a probation sentence with a jail term, the sentence would still be illegal because the jail component of a probation sentence is statutorily capped at ninety days. *See* § 18-1.3-202(1)(a); *see also People v. Montoya*, 259 P.3d 555, 557 (Colo. App. 2011) (concluding that the trial court erred by sentencing the defendant to ten months in jail as a condition of probation because "[a] jail sentence may not exceed ninety days for a felony, unless it is part of a work release program"). A sentence to 150 days in jail as a condition of Jost's probation would be inconsistent with the statute and, thus, illegal. *See Jenkins*, ¶ 11.[1]

¶ 16 Finally, Jost relies on *People v. Brunner*, 87 P.3d 267 (Colo. App. 2004), to justify the district court's imposition of a jail sentence. In *Brunner*, a division of this court concluded that the

---

[1] Given the district court's definitive oral and written pronouncements of 150 days of jail with 133 days of presentence confinement credit, we also reject Jost's argument that the court only sentenced him to seventeen days in jail.

trial court did not abuse its sentencing discretion when it revoked the defendant's probation sentence and imposed "a punitive twenty-day jail sentence" on her felony theft conviction. *Id.* at 268-69. But *Brunner* did not address the legality of such a sentence, nor did it explain the factual or legal basis authorizing its imposition. As a result, we are not persuaded that *Brunner* compels a different result here.

¶ 17    Having concluded that Jost's sentence is illegal, we consider and reject his requests that we instruct the district court as to what sentence it can impose on remand.[2] *See* § 16-11-206(5), C.R.S. 2024 (After revoking probation, "the court may then impose any sentence or grant any probation . . . which might originally have been imposed or granted."); *see also* § 18-1.3-104(1). Specifically, Jost asks that we remand the case with instructions that the district court "lop off" any jail time above the ninety-day statutory maximum for the jail component of a probation sentence. We reject

---

[2] Although in their opening brief, the People asked us to remand with an instruction that the district court impose a carceral sentence under section 18-1.3-401(1)(a)(V.5)(A), C.R.S. 2024, in their reply brief, they concede that the court can impose any legal sentence.

this request because we have concluded that the court did not impose a probation sentence with a jail component and, therefore, this remedy is not available.

¶ 18    Jost further asks that we remand the case with instructions that the district court not impose a sentence that includes any additional incarceration.  He argues that an additional term of incarceration would violate his constitutional rights to due process and against double jeopardy because he had a legitimate expectation of finality in his original sentence once he completed it. We reject this request because we decline to weigh in on the constitutionality of a hypothetical sentence that may or may not be imposed on remand.  *See Bd. of Cnty. Comm'rs v. Cnty. Rd. Users Ass'n,* 11 P.3d 432, 438-40 (Colo. 2000) (appellate courts are not empowered to render advisory opinions on issues based on facts that are contingent, speculative, or hypothetical); *Tippett v. Johnson,* 742 P.2d 314, 315 (Colo. 1987) ("This court is not empowered to give advisory opinions based on hypothetical fact situations."); *People v. Becker,* 2014 COA 36, ¶ 29 (declining to address issues that may not arise on remand); *see also People v. Cattaneo,* 2020 COA 40, ¶ 42 ("[W]hen a sentence is illegal, it may

9

be corrected 'at any time' without violating double jeopardy — even if the correction increases the sentence — because a defendant has no legitimate expectation of finality in an illegal sentence.").

## IV.   Disposition

¶ 19    The sentence is vacated, and the case is remanded to the district court to impose a sentence that is statutorily authorized.

JUDGE HAWTHORNE concurs.

JUDGE WELLING dissents.

JUDGE WELLING, dissenting.

¶ 20    I agree with the majority that the sentence the district court imposed suffers from two illegalities: (1) it's a direct sentence to county jail for a class 6 felony; and (2) its 150-day term exceeds the ninety-day limit for a jail sentence that a court may impose as a condition of probation.  But because the court's intended sentence is clear and that intended sentence could be legally imposed, I would nevertheless affirm the sentence and remand the case for the district court to amend the mittimus to impose the same sentence in a legal fashion.

¶ 21    To begin, in my view, the district court's intent in imposing this sentence is clear.  The court wasn't going to give Jost a third chance at probation, but it wished to terminate Jost's sentence with a brief — seventeen days, specifically[1] — additional jail sentence.

¶ 22    While the sentence the district court announced — a 150-day jail sentence with 133 days credit for time served — was illegal, there is a legal route to impose the district court's intended sentence: revoke and reinstate unsupervised probation for

---

[1] The 150 days imposed less the credit for 133 days previously served.

11

seventeen days and impose a seventeen-day jail sentence as a condition of probation with no credit for time served. *See* § 18-1.3-202(1)(a), C.R.S. 2024 (for a defendant convicted of a felony, the court may impose up to ninety days of jail time as a term of probation); *People v. Smith*, 2014 CO 10, ¶ 15 ("[T]he requirement that an offender receive [presentence confinement credit] does not apply to probationary sentences, even when those probationary sentences include a jail component."). This sentence is, as a practical matter, identical to the sentence the district court imposed without any legal impediments.[2]

¶ 23     I understand why the majority declines to go this route. After all, doing so requires not just one but three fixes that aren't

---

[2] This case stands in stark contrast to *Allman v. People*, 2019 CO 78, on which the People rely. In *Allman*, the sentence imposed — a prison and probation sentence for different counts in the same case, *id.* at ¶ 1 — was found to be illegal and an identical legal sentence couldn't be imposed on remand, *id.* at ¶ 28 ("Because the probation statute does not grant the courts the power to impose sentences to both imprisonment and probation in a multi-count case, we hold that when a court sentences a defendant for multiple offenses in the same case, it may not impose imprisonment for some offenses and probation for others.").

included in the sentence the district court actually imposed.[3] At some point this court's role in repairing a legally flawed sentence must yield. I just happen to be persuaded that the sentence imposed in this case is just on the salvageable side of that line.

¶ 24 Because the same sentence that the court imposed could have been legally imposed, I would affirm the judgment and remand the case for the district court to amend the mittimus to impose the sentence I described above. For this reason, I respectfully dissent.

---

[3] Under the amended sentence, Jost would be (1) resentenced to probation — something the district court declined to do; (2) sentenced to fewer days in county jail (reduced from 150 days to 17 days); and (3) denied credit for time served, which he had to be granted in connection with a direct sentence to county jail, *see* § 18–1.3–405, C.R.S. 2024, but may be denied in connection with a jail sentence as a condition of probation, *see People v. Smith*, 2014 CO 10, ¶ 15 ("[A]n offender who is sentenced to county jail as a condition of probation has no right to be credited for presentence confinement under section 18–1.3–405.").