The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Darryl WHITE, Defendant–Appellant.

No. 04CA0509.

Colorado Court of Appeals, Div. I.

Feb. 22, 2007.

Certiorari Denied Sept. 11, 2007.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Lisa Weisz, Boulder, Colorado, for Defendant–Appellant.

Opinion by Judge RUSSEL.

Defendant, Darryl White, appeals from the trial court's order granting the People's Crim. P. 35(a) motion. We affirm.

## I. Introduction

This case presents a question about post-conviction procedure.

In response to a Crim. P. 35(a) motion filed by the prosecution, the trial court changed defendant's sentence to conform to the law set forth in *People v. Luther*, 58 P.3d 1013 (Colo.2002) *(Luther II)*, an opinion that overruled a decision by a division of this court. *See People v. Luther*, 43 P.3d 660 (Colo.App.2001) *(Luther I)*. The Luther case involved a nettlesome issue of statutory interpretation that we need not explain. For our purposes, it matters only that the trial court's application of Luther II gave rise to the following procedural question:

> A trial court has ruled that a defendant must serve prison sentences and terms of parole in a particular order. This ruling is not appealed. Later, the court learns, through a Crim. P. 35(a) motion filed by the prosecution, that its ruling was erroneous. *May the court correct its error by granting the prosecution's Crim. P. 35(a) motion?*

This procedural question has not been answered by the supreme court, but it has been addressed by a division of this court. *See People v. Heredia*, 122 P.3d 1041 (Colo.App. 2005) *(cert. granted* Nov. 7, 2005, and *cert. denied as improvidently granted* Dec. 11, 2006). We disagree with that division's conclusion and now explain why we think that the answer to the question is yes.

## II.  Pertinent Events

Defendant was convicted of first degree aggravated motor vehicle theft and was sentenced to three years in prison, plus three years of mandatory parole.  He served his prison sentence and was released to parole.  He was later arrested for absconding from his community corrections facility and was charged with escape.

Defendant then suffered two related consequences.

First, the trial court revoked defendant's parole on the underlying sentence for aggravated motor vehicle theft.  Defendant was ordered to serve, in prison, the time that remained on his original period of mandatory parole.

Second, defendant pled guilty to attempted escape and was sentenced to two years in prison, plus three years of mandatory parole.  The trial court directed that defendant's sentence, including the term of mandatory parole, would be "consecutive to any sent[ence] currently being served."  The court relied on former § 18–1–105(1)(a)(V)(E), which is now codified as § 18–1.3–401(1)(a)(V)(E), C.R.S. 2006.

After defendant returned to prison, a division of this court announced *Luther I.* Based on the analysis set forth in that decision, defendant filed a Crim P. 35(a) motion to correct his sentence.

In July 2002, the trial court granted defendant's motion and ruled that defendant would serve his sentences as follows: first, defendant would serve the two year prison term for attempted escape; then, defendant would serve *concurrent* terms of parole for the aggravated motor vehicle theft and attempted escape.

The prosecution did not appeal the trial court's ruling.  Several months later, the supreme court announced *Luther II.*

In December 2003, the prosecution filed a Crim. P. 35(a) motion to correct defendant's sentence.  The prosecution asked the trial court to reinstate defendant's original sentence so that it would comply with the governing statutes as set forth in *Luther II.* The

trial court granted the prosecution's motion and reinstated defendant's original sentence.

Defendant now appeals the trial court's order granting the prosecution's motion under Crim. P. 35(a).

## III.  Governing Rule

Because the prosecution's motion was filed before July 1, 2004, this case is governed by the previous version of Crim. P. 35(a).  That rule stated: "The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."

## IV.  Discussion

Defendant contends that the trial court erred in granting the prosecution's motion.  He asserts several arguments, which we consider and reject as follows.

### A.  Illegal Sentence

■  Defendant argues that the trial court lacked authority to correct the sentencing order of July 2002 because that order did not result in an "illegal sentence," within the meaning of Crim. P. 35(a).  We disagree.

The supreme court has stated that a sentence is "illegal" under Crim. P. 35(a) if it is "inconsistent with the statutory scheme outlined by the legislature." *People v. Rockwell,* 125 P.3d 410, 414 (Colo.2005); *see also Delgado v. People,* 105 P.3d 634, 635 (Colo.2005); *Downing v. People,* 895 P.2d 1046, 1050 (Colo.1995).

Here, the trial court's order of July 2002 resulted in a sentence that was inconsistent with the statutory scheme.  The legislature has specified that sentences for attempted escape "shall run consecutively with any sentences to be served by the offender."  Section 18–8–208.1(1), C.R.S.2006.  The July 2002 order resulted in a sentence for attempted escape that was, in part, concurrent with defendant's sentence for motor vehicle theft.

We therefore conclude that the July 2002 order resulted in an illegal sentence.  We acknowledge that this conclusion differs from the one reached by the division in *People v.*

*Heredia, supra,* but we respectfully decline to follow that opinion. *See In re Estate of Becker,* 32 P.3d 557, 563 (Colo.App.2000) (one division of this court is not obliged to follow precedent established by another division), *aff' sub nom. In re Estate of DeWitt,* 54 P.3d 849 (Colo.2002).

## B. Prosecution's Motion

Defendant argues that the trial court lacked jurisdiction to entertain the prosecution's Crim. P. 35(a) motion because "post-conviction relief is available only to defendants." We disagree.

■ When a court issues an order that results in an illegal sentence, it has acted outside the scope of its jurisdiction. *See Downing v. People, supra,* 895 P.2d at 1050. The court has an affirmative duty to correct this error. *People v. Rockwell, supra,* 125 P.3d at 414; *People v. Emig,* 177 Colo. 174, 177, 493 P.2d 368, 369 (1972). It may discharge this duty on its own motion. *See Guerin v. Fullerton,* 154 Colo. 142, 144, 389 P.2d 84, 85 (1964) (the court may correct an illegal sentence on its own motion so long as the parties have notice and an opportunity to be heard).

If a court may correct an illegal sentence on its own motion, it is difficult to imagine why the court would be unable to entertain a prosecutor's motion for the same relief. A Crim. P. 35(a) motion merely serves to direct the court's attention to a serious jurisdictional defect. Accordingly, the supreme court has suggested that trial courts may entertain Crim. P. 35(a) motions filed by the prosecution. *See People v. Gallegos,* 764 P.2d 76, 77 (Colo.1988) (to preserve the illegal sentence issue for appeal, the People should have filed a Crim. P. 35(a) motion); *see also People v. Green,* 734 P.2d 616, 617 (Colo.1987); *Smith v. Johns,* 187 Colo. 388, 390, 532 P.2d 49, 50 (1975).

■ Other courts have considered this question under the pre–1987 federal rule, on which Colorado's rule is based. These courts have concluded that the prosecution may file a motion to correct an illegal sentence. *See, e.g., United States v. Corbitt,* 13 F.3d 207, 211–12 (7th Cir.1993); *see also State v. Wika,*

574 N.W.2d 831, 832–33 (N.D.1998) (referring to federal rule when interpreting a comparable state rule).

## C. Timeliness

■ Defendant contends that the trial court lacked authority to correct the sentence because the prosecution's motion was untimely. He asserts three arguments, which we consider and reject as follows:

First, defendant argues that the "courts lost jurisdiction over the matter" because the prosecution failed to appeal the July 2002 order within forty–five days. He is mistaken. Because an illegal sentence represents a type of jurisdictional defect, the trial court retained the authority to correct its own error. *See Casias v. People,* 148 Colo. 544, 546–47, 367 P.2d 327, 328 (1961); *see also United States v. Henry,* 709 F.2d 298, 307–08 (5th Cir.1983).

Second, defendant argues that the trial court was required to undertake any corrective action within 120 days of the July 2002 order. He again is mistaken. The 120–day time limit applies only if the court is asked to "correct a sentence imposed in an illegal manner." If the sentence itself is illegal, as it was here, the court may act at any time. *Delgado v. People, supra,* 105 P.3d at 638 n. 3; *Downing v. People, supra,* 895 P.2d at 1050.

Third, defendant argues that the prosecution's motion was barred under the doctrine of laches. We conclude that this argument has been forfeited.

■ Laches is an equitable doctrine that may be asserted as a defense when a party's unconscionable delay in enforcing its rights has prejudiced the party against whom relief is sought. "[T]he party asserting laches as an affirmative defense has the burden of demonstrating prejudice." *Robbins v. People,* 107 P.3d 384, 388 (Colo.2005). Because laches is an affirmative defense, it is forfeited if not asserted in the trial court. Cf. *Smith v. Sec'y of N.M. Dep't of Corr.,* 50 F.3d 801, 821 n. 29 (10th Cir.1995) (court would not consider prejudice from a seventeen year delay in filing a habeas corpus petition be-

cause the defense was not pled in the trial court).

Assuming, without deciding, that laches may be asserted to defeat a motion to correct an illegal sentence, we conclude that the defense is not available here. Defendant did not assert laches as a defense to the prosecution's Crim. P. 35(a) motion in his written or oral arguments to the trial court.

### D. Due Process

■ Defendant argues that the trial court violated his due process rights when it retroactively applied *Luther II* to correct the July 2002 order. We disagree.

■ The Colorado Supreme Court is the ultimate authority on the meaning of Colorado statutes. When the court announces an interpretative decision, its construction must be regarded as an "authoritative statement of what the statute meant before as well as after the decision." *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 312–13, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994).

■ In rare cases, the retroactive application of a judicial interpretation may violate due process under the principles announced in *Bouie v. City of Columbia*, 378 U.S. 347, 84 S.Ct. 1697, 12 L.Ed.2d 894 (1964). The test is one of foreseeability: If the judicial interpretation is foreseeable, it may be applied retroactively without violating due process. *See Aue v. Diesslin*, 798 P.2d 436, 438–39 (Colo.1990); *People v. Grenemyer*, 827 P.2d 603, 607 (Colo.App.1992).

Here, the supreme court's decision in *Luther II* was foreseeable. The court employed common tools of statutory construction and rendered a decision that comports with the pertinent statutory language. It is of no consequence that the division reached a contrary conclusion in *Luther I*. "*Bouie* applies only to unpredictable shifts in the law, not to the resolution of uncertainty that marks any evolving legal system." *United States v. Burnom*, 27 F.3d 283, 284–85 (7th Cir.1994); *see also Hagan v. Caspari*, 50 F.3d 542, 547 (8th Cir.1995) (a state supreme court may correct a lower court's mistaken reading of a state statute without violating due process).

### E. Double Jeopardy

Defendant argues that the trial court's order violated the prohibition against double jeopardy. We disagree.

■ Double jeopardy is not implicated when a trial court corrects an illegal sentence and imposes a longer one. *See People v. Smith*, 121 P.3d 243, 251 (Colo.App.2005) ("[A] sentence that is contrary to legislative mandates is illegal and may be corrected at any time by a sentencing court without violating a defendant's rights against double jeopardy."); *see also People v. Dist. Court*, 673 P.2d 991, 996–97 (Colo.1983).

The order is affirmed.

MÁRQUEZ and VOGT, JJ., concur.