2012 COA 74

**Kristine ROST, as Mother and Next Friend of Nastasja Rost, Plaintiff–Appellee and Cross–Appellant,**

v.

**Lynn ATKINSON, Defendant–Appellant and Cross–Appellee.**

No. 11CA0727.

Colorado Court of Appeals, Div. VII.

April 26, 2012.

Leventhal, Brown & Puga, P.C., Benjamin Sachs, Lorraine E. Parker, Peter A. McClenahan, Denver, Colorado, for Plaintiff–Appellee and Cross–Appellant.

Campbell, Latiolais & Averbach, P.C., Colin C. Campbell, Denver, Colorado, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge HAWTHORNE.

¶1 Defendant, Lynn Atkinson, appeals the trial court's order enforcing the settlement agreement she entered into with plaintiff, Kristine Rost, on her minor daughter's behalf.

¶2 In this case of first impression, we conclude that a summary judgment order resolving all issues in a case does not terminate a valid statutory settlement offer. Accordingly, we affirm.

## I. Procedural Background

¶3 Plaintiff sued defendant for injuries her daughter sustained on defendant's property.

¶4 Pursuant to section 13–17–202, C.R.S. 2011, defendant served plaintiff with a statutory settlement offer on February 15, 2011. The next day, at about 4 p.m., the court issued an order granting summary judgment for defendant, resolving all issues in the case. Plaintiff's counsel received notice of the ruling by e-file, before defendant received it via regular mail. At about 9 a.m. on February 17, plaintiff accepted the settlement offer via e-file. At about 11 a.m. on February 17, defendant e-mailed plaintiff's counsel and withdrew the settlement offer. The court rejected defendant's argument that the summary judgment order terminated the settlement offer and entered an order enforcing the settlement agreement. This appeal followed.

## II. Analysis

¶5 Defendant contends that the court erred in enforcing the settlement agreement because the entry of summary judgment in her favor nullified the settlement offer before she accepted it. We disagree.

¶6 Defendant's contention presents an issue of statutory interpretation, which we review de novo. *Colorado Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo. 2005). In interpreting a statute, we attempt to effectuate the General Assembly's purpose by looking first to the statutory language's plain and ordinary meaning. *See id.*

¶7 Section 13–17–202(1)(a), C.R.S.2011, governs statutory settlement offers. It provides, in relevant part:

(IV) If an offer of settlement is accepted in writing within fourteen days after service of the offer, the offer of settlement shall constitute a binding settlement agreement, fully enforceable by the court in which the civil action is pending.

(V) An offer of settlement under this section shall remain open for at least fourteen days from the date of service unless withdrawn by service of withdrawal of the offer of settlement. `

¶8 Thus, only two conditions terminate a valid settlement offer under section 13–17–202(1)(a):(1) the offer's withdrawal, or (2) expiration of the fourteen-day period.

¶9 Here, neither condition occurred before plaintiff's acceptance, and the offer therefore became a binding settlement agreement once plaintiff accepted it.

¶10 Although the statute does not explicitly address a summary judgment order's effect on a settlement offer, "[t]he general rule is that a settlement agreement supersedes a judgment and, so long as the agreement exists, the judgment merges into it" and "is thereby extinguished." *Carpenter v. Young*, 773 P.2d 561, 568 (Colo.1989). Consistent with this rule, our supreme court rejected the argument that summary judgment terminates a settlement offer in *Centric–Jones Co. v. Hufnagel*, 848 P.2d 942, 945 (Colo.1993).

¶11 Nonetheless, defendant argues that *Centric–Jones* is distinguishable because that case involved summary judgment for only one of the two offerors-defendants; whereas here, summary judgment entirely resolved the case because there was only one defendant. She argues that *Larson v. A.T.S.I.*, 859 P.2d 273 (Colo.App.1993), and not *Centric–Jones*, controls. We are not persuaded.

¶12 In *Larson*, another division of this court concluded that *Centric–Jones* was inapposite because the statutory settlement offer, which was made three days before trial start-

ed, was not served within the prescribed statutory period, and the attempted acceptance occurred after a jury verdict. *Larson,* 859 P.2d at 275. The division reasoned that post-verdict acceptance did not further the statute's legislative intent to encourage settlements before trial. *Id.*

¶ 13 Here, in contrast, the settlement offer was made within the statutory period and the acceptance occurred before trial. *See* § 13–17–202(1)(a)(I)–(II), C.R.S.2011 (statutory settlement offer must be made more than fourteen days before trial and accepted within fourteen days after service). Moreover, *Centric–Jones,* which addressed a summary judgment's effect on a settlement offer, is more factually similar to this case than is *Larson.*

¶ 14 In concluding that summary judgment does not terminate a valid settlement offer, the supreme court reasoned that allowing a trial court's order to preempt a settlement offer would undermine the statute's purpose. *Centric–Jones,* 848 P.2d at 948. And the court emphasized the statutory framework governing settlement offers, not the fact that summary judgment in only one defendant-offeror's favor had not resolved all claims in the case. *Id.*

¶ 15 Defendant asserts that in *Centric–Jones* the remaining defendant's liability was an outstanding issue, and thus the court's order did not constitute a final judgment. Here, in contrast, the trial court's summary judgment in defendant's favor completely resolved the case and therefore constituted a final judgment. Relying on Justice Erickson's concurrence in *Centric–Jones,* defendant argues that because summary judgment in her favor constituted a final appealable judgment, the trial court lacked authority to enforce the parties' settlement agreement. *See id.* at 950 (Erickson, J., concurring) ("because no final appealable judgment had been entered prior to Centric's acceptance of the defendants' offer, any rulings of the court remained open to modification, reconsideration, and withdrawal"). We are not persuaded, for two reasons.

¶ 16 First, Justice Erickson's reasoning was not adopted by the majority. Instead of relying on the absence of a final appealable judgment, the majority concluded that a court must enforce a settlement offer accepted within the prescribed statutory period because "allow[ing] the trial court's order to preempt the running of the [statutory acceptance] period would be completely contrary to the statute." *Id.* at 948. We must follow this reasoning. *See People v. White,* 179 P.3d 58, 62 (Colo.App.2007) (when the Colorado Supreme Court announces an interpretative decision, its construction must be regarded as an authoritative statement of what the statute means).

¶ 17 Second, the statute's plain language supports our conclusion. Section 13–17–202(1)(a)(II) provides that a settlement offer must be made more than fourteen days before trial, and must be accepted within fourteen days. Thus, these time periods, not the court's entry of final judgment, govern whether a statutory settlement offer has been validly accepted. In contrast, entry of final judgment is only relevant to establishing the cost award because the amount recovered in the final judgment determines which party is awarded its costs. § 13–17–202(1)(a)(I)–(II). The statute does not refer to "final judgment" outside this context. § 13–17–202.

¶ 18 Moreover, the legislature has amended the statute since *Centric–Jones,* but has elected not to address a summary judgment's effect on a settlement offer. In response to *Centric–Jones's* holding that statutory settlement offers are irrevocable, the General Assembly amended section 13–17–202 to allow a party to withdraw a settlement offer. § 13–17–202(1)(a)(V). Although the legislature had the opportunity to amend the statute to provide that summary judgment terminates a settlement offer, it did not do so. *See Vaughan v. McMinn,* 945 P.2d 404, 409 (Colo.1997) ("The legislature is presumed to be aware of the judicial precedent in an area of law when it legislates in that area.").

¶ 19 Defendant maintains that allowing a party to accept a settlement offer after summary judgment has been entered promotes an inequitable "race to the courthouse," to be won by whoever learns of the order first. We recognize that whenever the trial court

enters a significant pretrial order, such as a discovery order or a dispositive order, a "race to the courthouse" may ensue when parties wish to withdraw or accept a settlement offer because their perceived chances of succeeding at trial have changed. By allowing settlement offers to be withdrawn, the amended statute creates the possibility of such a race. § 13–17–202(1)(a)(V). However, because its plain language is clear and unambiguous, we must apply the statute as written, without second-guessing the legislature's policy judgments. *Nicholas v. People,* 973 P.2d 1213, 1220 (Colo.1999), *superseded on other grounds by* § 19–2–511(2), C.R.S.2011, *as stated in People v. J.D.,* 989 P.2d 762, 766 n. 4 (Colo.1999).

¶ 20 Furthermore, defendant could have avoided such a race entirely. As the court noted in *Centric–Jones,* parties who make a settlement offer while a summary judgment motion is pending can condition the offer on the motion's outcome, thereby preventing such a race. 848 P.2d at 948. In addition to controlling the settlement offer's provisions, the offeror also controls its timing. Because the offeror can avoid such races entirely, we are not persuaded that the result here is inequitable.

¶ 21 Here, by choosing to make a statutory settlement offer while the motion was pending, defendant "assumed the calculated risk that a favorable decision of the pending summary judgment motion might negate the need for settlement, and [she] lost [her] gamble." *Id.* Defendant willingly entered the race of which she now complains, and as the trial court observed, defense counsel placed himself at a significant disadvantage by declining to accept e-file notifications electronically, electing to receive them via regular mail instead.

¶ 22 Essentially, defendant urges this court to rewrite the statute to provide that summary judgment terminates a statutory settlement offer. As that is not our role, we decline the invitation. *Dep't of Transp. v. City of Idaho Springs,* 192 P.3d 490, 494 (Colo.App.2008) (courts may not rewrite statutes); *see Scoggins v. Unigard Ins. Co.,* 869 P.2d 202, 205 (Colo.1994) (Colorado courts do not engage in judicial legislation).

¶ 23 Because of our resolution of this issue, we need not address the remaining contentions raised in plaintiff's conditional cross-appeal.

¶ 24 The order is affirmed.

Judge CASEBOLT and Judge J. JONES concur.