The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader.  The summaries may not be cited or relied upon as they are not the official language of the division.  Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
March 7, 2019

## 2019COA34

**No. 18CA0041, *People v. Knoeppchen* — Criminal Procedure — Postconviction Remedies — Correction of Illegal Sentence — Sentence Imposed in an Illegal Manner**

A division of the court of appeals considers whether a postconviction appeal of a district court's order denying a motion to vacate a restitution order involves a claim that the defendant's sentence is not authorized by law or is a challenge to the manner in which sentence was imposed.  Because the division concludes that the motion is an illegal manner claim under Crim. P. 35(a) and the challenge is untimely, the division concludes that the petition was time barred, and thus affirms the order.

COLORADO COURT OF APPEALS                                  **2019COA34**

Court of Appeals No. 18CA0041
Larimer County District Court No. 13CR335
Honorable Susan J. Blanco, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Billy Joe Knoeppchen,

Defendant-Appellant.

ORDER AFFIRMED

Division I
Opinion by JUDGE TOW
Taubman and Berger, JJ., concur

Announced March 7, 2019

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General,
Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Lance Thibert, Deputy State
Public Defender, Fort Collins, Colorado, for Defendant-Appellant

¶ 1     Defendant, Billy Joe Knoeppchen, appeals the district court's order denying his motion to vacate the restitution order. His appeal requires us to determine whether his challenge involves a claim that his sentence is not authorized by law or is a challenge to the manner in which sentence was imposed. Because we decide it is the latter, and the challenge is untimely, we affirm.

## I.     Background

¶ 2     On August 22, 2013, Knoeppchen pleaded no contest to third degree assault and was sentenced to probation. As part of the plea agreement, Knoeppchen agreed to pay restitution. However, because the prosecution did not have complete information regarding restitution at the time, the district court reserved the restitution determination for ninety days.[1]

¶ 3     On November 29, 2013, 100 days later, the prosecution moved for an order imposing restitution. Knoeppchen did not file any response to the motion. The district court adopted the proposed order filed by the prosecution. This order noted, "[t]he above stated

_____

[1] The court was statutorily authorized to reserve restitution for ninety-one days. § 18-1.3-603(1)(b), C.R.S. 2018. However, the prosecutor only requested ninety days.

amount is the current amount due, but not a final amount due. The defendant is ordered to pay restitution covering the actual costs of the ongoing or future treatment of [the victim] for treatment to his mouth, teeth[,] and jaw." The amount of restitution owed to the victim compensation fund was also left to be determined. On May 21, 2014, the prosecution moved to amend the restitution amount, reducing the total amount due. Again, Knoeppchen filed no response. The district court granted this motion as well.

¶ 4 More than three years later, Knoeppchen filed a motion to vacate the restitution order. Although he did not explicitly refer to Crim. P. 35, or to any other statute or rule under which he was proceeding, he "attack[ed] the restitution order itself as a matter of law," asserting that the proposed order was filed by the prosecution and adopted by the district court after the ninety-day deadline, and that the prosecution did not establish good cause for its tardy request. The district court denied the motion, finding that good cause existed for filing the motion for restitution late, despite not having made any express finding of good cause when it entered the original order.

## II. Analysis

¶ 5    Knoeppchen now appeals the district court's order denying his motion to vacate the restitution order. As a preliminary matter, the People argue that (1) this court lacks jurisdiction to review the order because it is not a final, appealable order denying postconviction relief; and (2) even if the motion to vacate the restitution order is a final, appealable order seeking postconviction relief, the motion was time barred. Although we disagree that this court lacks jurisdiction to review the order, we agree that the motion was time barred. Thus, we affirm the district court's order, but on grounds other than those relied on by the district court.

### A. This Court Has Jurisdiction

¶ 6    We first address, and reject, the People's assertion that the district court's order is not a final, appealable order. According to the People, because Knoeppchen did not explicitly invoke Rule 35 or its statutory counterpart, section 18-1-410, C.R.S. 2018, the district court lacked authority to treat the matter as a postconviction challenge. However, courts have long considered the substantive issues raised in a motion, rather than the label placed on such motion, to determine how the matter should be

characterized. *See Dodge v. People*, 178 Colo. 71, 73, 495 P.2d 213, 214 (1972). Knoeppchen's collateral attack on the three-year-old restitution order clearly sought postconviction relief in the form of vacating the restitution order.[2] Thus, the challenge to the propriety of the district court's resolution of that claim is properly before us.

## B. Knoeppchen's Claims Are Time Barred

¶ 7 The People's second procedural argument is more availing. As noted, Knoeppchen's motion levies an attack on the restitution award "as a matter of law." In substance, he asserts that restitution was not legally imposed. Which provision of Rule 35 governs Knoeppchen's claim depends on whether he asserts an illegality of constitutional dimension. If it is a claim that the sentence is illegal in a way that does not invoke constitutional protections, it is cognizable under Rule 35(a). *See People v. Dunlap*, 222 P.3d 364 (Colo. App. 2009) (construing the defendant's argument that the district court failed to consider and fix the restitution amount as a claim that his sentence was illegal under

---

[2] Of course, Knoeppchen could have appealed the district court's original order granting restitution had he chosen to do so in a timely fashion. He did not. Consequently, the only avenue that remained available to him was a postconviction challenge.

4

Rule 35(a)).  If it is a claim that the sentence violates constitutional rights, it is cognizable under Rule 35(c).  *See People v. Wenzinger*, 155 P.3d 415, 419 (Colo. App. 2006) (holding that a challenge to an aggravated range sentence as contrary to the Sixth Amendment right to a jury determination of all facts that impact the maximum sentence falls within the ambit of Rule 35(c)).

### 1. Challenges to an Illegal Sentence

¶ 8     Rule 35(a) governs two distinct types of challenges to the legality of a sentence: (1) a claim that a sentence was not authorized by law or was imposed without jurisdiction and (2) a claim that the sentence was imposed in an illegal manner.  Crim. P. 35(a).  A sentence is not authorized by law if it is "inconsistent with the statutory scheme outlined by the legislature."  *People v. Rockwell*, 125 P.3d 410, 414 (Colo. 2005).

¶ 9     In contrast, a sentence may be imposed in an illegal manner, notwithstanding the district court's authority to impose a particular sentence, if it "'ignores essential procedural rights or statutory considerations in forming the sentence.'"  *People v. Bowerman*, 258 P.3d 314, 316 (Colo. App. 2010) (quoting 15 Robert J. Dieter &

5

Nancy J. Lichtenstein, *Colorado Practice Series, Criminal Practice and Procedure* § 21.10 n.10 (2d ed. 2004)).

¶ 10 The line between an unauthorized sentence claim and an illegal manner claim is not always easily discernable. The broadest reading of *Rockwell,* for example, might suggest that even a procedural error would give rise to an unauthorized sentence claim, since the improper procedure would be "inconsistent with the statutory scheme." However, a division of this court has characterized the language in *Rockwell* more narrowly. *Wenzinger,* 155 P.3d at 418.

¶ 11 Indeed, a closer view of *Rockwell* does not support a broad application. In employing the "statutory scheme" language, *Rockwell* cited *People v. District Court,* 673 P.2d 991, 995 (Colo. 1983). There, the supreme court held that "[a] court may not impose a sentence that is inconsistent with the terms specified by statutes." *Id.* The sentence under review in that case involved an attempt by the sentencing court, through the combination of a suspended prison sentence and a sentence to a fixed period in the county jail work release program, to impose quasi-probationary conditions without actually imposing probation. *Id.* at 995-96.

Because such a structure was not authorized by the sentencing statutes, the sentence was illegal. *Id.* at 996.

¶ 12 Notably, the court in *Rockwell* addressed a prior version of Rule 35(a). Prior to July 1, 2004, the rule provided that a court could "correct an illegal sentence at any time . . . ." Rule Change 2004(2), Colorado Rules of Criminal Procedure (Amended and Adopted by the Court En Banc, Jan. 29, 2004), https://perma.cc/J7PK-XYNW. The rule now authorizes a court to "correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time . . . ." In *Wenzinger*, a division of this court concluded that the amendment "merely codifie[d] case law defining 'illegal sentence.'"[3] 155 P.3d at 418. The division further explained that this language of the rule must be read to exclude mere procedural flaws in sentencing, lest the rule "blur the distinction between sentences that are void because they were imposed in excess of the court's statutory authority and

---

[3] Alternatively, if the language in *Rockwell* was intended to have a more expansive reach, the subsequent amendment clearly narrowed its application to only scenarios where the sentence is inconsistent with the terms and conditions authorized by statute, or where the sentencing court lacked jurisdiction to act.

sentences that are voidable because they were 'imposed in an illegal manner . . . .'" *Id.* (citation omitted).

¶ 13    Such a narrow reading is consistent with prior appellate decisions applying either version of the rule, which have found sentences to be illegal — or not authorized by law — only when there have been substantive deviations from the statutory scheme. In *Rockwell,* for example, the supreme court held that the district court announced an illegal sentence when it imposed a period of mandatory parole when the statute provided for discretionary parole for the particular offense involved.  125 P.3d at 414; *see also Delgado v. People,* 105 P.3d 634, 636 (Colo. 2005) (same).  In *Downing v. People,* 895 P.2d 1046 (Colo. 1995), the district court resentenced a defendant who was being transferred from community corrections to the Department of Corrections and imposed a longer term than originally imposed, in derogation of the then-existing statutory prohibition on doing so.  *Id.* 1049-50.  And in *People v. White,* 179 P.3d 58 (Colo. App. 2007), the district court entered an illegal sentence because it permitted the sentence to run concurrently with another sentence when the statute required it to run consecutively.  *Id.* at 60-61.

¶ 14    In contrast, in *People v. Collier*, 151 P.3d 668 (Colo. App. 2006), the defendant claimed that "he was not given the complete range of psychological and physiological testing required for his sex offender evaluation before he was sentenced." *Id.* at 673. The defendant argued that this testing was required by sections 16-11.7-104 and 16-11.7-105, C.R.S. 2006. Notwithstanding the fact that the claim arguably rested on a deviation from the statutory scheme, a division of this court treated the claim as a challenge to the manner in which the sentence was imposed. *Collier*, 151 P.3d at 673.

¶ 15    And in *People v. Bowerman*, the defendant challenged the restitution component of her sentence. She argued that her sentence was not authorized by law because the prosecution did not prove by a preponderance of the evidence that she had stolen items in addition to the specific items mentioned in the information. 258 P.3d at 317. A division of this court rejected the defendant's characterization of the claim. Instead, the division concluded that because the defendant challenged the outcome of the factfinding process, rather than the general authority of the court to order restitution, the claim was an illegal manner claim. *Id.*

¶ 16    We agree with the division in *Wenzinger* that the language in *Rockwell* regarding inconsistency with the statutory scheme does not encompass mere procedural inconsistencies.  Indeed, the supreme court in *Rockwell* further characterized illegal sentence claims as encompassing "questions [concerning] the trial court's authority to issue a particular sentence . . . ."  125 P.3d at 414.  A procedural challenge to the sentence does not challenge the court's authority, but rather the way in which the court's authority was exercised — in other words, the manner in which the sentence was imposed.

a.    The District Court's Authority and Obligation to Impose Restitution

¶ 17    The question whether Knoeppchen's claim challenges the district court's authority to impose the sentence or simply the manner in which it did so requires us to consider the nature of the district court's authority to impose restitution.

¶ 18    In every criminal prosecution, at the time sentence is imposed, the district court must address restitution.  § 18-1.3-603(1), C.R.S. 2018.  To discharge this duty, the district court must take one of four actions when issuing the order of conviction: (1) establish a

specific amount of restitution; (2) find that the defendant will be obligated to pay restitution, but reserve for ninety-one days the determination of the specific amount; (3) order that the defendant will be responsible for paying the costs of specifically designated ongoing treatment; or (4) find that no victim suffered a pecuniary loss, so no restitution is owed. *Id.* Any sentence imposed without one of these orders is an illegal sentence. *People v. Smith*, 121 P.3d 243, 251 (Colo. App. 2005).

¶ 19    If the district court exercises the second option, reserving restitution, the statute requires the amount of restitution to be established within ninety-one days. § 18-1.3-603(1)(b).[4]  However, the district court can extend that time period upon a showing of good cause. *Id.*

---

[4] The statute appears to set up a bit of an inconsistency. Subsection (1)(b) requires the amount of restitution to be determined within ninety-one days; but subsection (2) sets the same ninety-one-day deadline for the prosecution to provide the information to the court. *Compare* § 18-1.3-603(1)(b), *with* § 18-1.3-603(2).  It would appear that where the prosecution timely provides information to the court on or just before the ninety-first day, it will usually be impossible for the district court to rule on the restitution request within the same period, particularly because the court will need to afford the defendant an opportunity to respond.

¶ 20     The ninety-one-day period is not jurisdictional.  *People v. Harman*, 97 P.3d 290, 293 (Colo. App. 2004).  However, where the prosecution fails to establish the amount of restitution within the ninety-one days, the district court lacks the authority to impose restitution unless good cause has been shown.  *People v. Turecek*, 2012 COA 59, ¶ 15.

b.     Knoeppchen's Challenge to Restitution

¶ 21     To apply the principles discussed above, we must determine whether Knoeppchen challenges the legality of the sentence or the manner in which it was imposed.  Significantly, Knoeppchen does not argue that the district court lacked jurisdiction to impose restitution for this offense.  As noted above, the district court not only has the authority, but the obligation, to order restitution.  § 18-1.3-603(1).  Nor does he argue that the district court lost jurisdiction to impose restitution outside the ninety (or even the statutory ninety-one) days.  *See Harman*, 97 P.3d at 293.

¶ 22     Rather, Knoeppchen argues that the district court failed to make a contemporaneous finding of good cause before permitting the late request for restitution.  Unfortunately, just as he did in the district court, Knoeppchen asserts his claim without any reference

12

to Rule 35 at all, let alone any specific reference to whether the sentence was authorized by law. Instead, Knoeppchen relies on *Turecek*.

¶ 23    In *Turecek*, the prosecution initially filed a timely restitution request that was only an estimate because the insurer had not made a final coverage decision for the claim. *Turecek*, ¶ 3. The district court considered the amount requested "not to be accurate at this point" and declined to take any action on the request; instead, the court gave the prosecution ninety days to file a corrected request. *Id.* at ¶ 4. The prosecution took no further action for nine months, at which time it sought a ruling on the original request. *Id.* at ¶ 5. The district court granted the request.

¶ 24    On appeal, a division of this court concluded that because the prosecution "failed to establish (or even seek to establish) good cause for extending that time period," the district court erred in imposing restitution. *Id.* at ¶ 15. Significantly, the defendant in *Turecek* timely filed a direct appeal of the restitution order. Consequently, the appellate court had no occasion to discuss whether the challenge was an illegal sentence claim or an illegal manner claim. It appears, however, that Knoeppchen believes that

the context of the appellate court's discussion in *Turecek* speaks in terms of the district court's authority, or lack thereof, to order restitution in those circumstances. *See id.* at ¶¶ 13-15.

¶ 25 As a threshold issue, we note that nothing in the statute explicitly requires the court to make an oral or written finding of good cause; rather, the statute merely requires good cause to be shown. Nor does *Turecek* clearly impose on the district court an obligation to make such an explicit finding. *Compare id.* at ¶ 15 (stating the holding of the case, specifically that the district court erred in imposing restitution where the prosecution had not shown good cause), *with id.* at ¶ 20 (noting, in distinguishing *Harman*, that the district court had made no finding that the prosecution had established good cause).

¶ 26 Even if we assume *Turecek* stands for the proposition that a good cause finding is integral to the district court's authority to order restitution, Knoeppchen's reliance on *Turecek* is misplaced. Here, unlike in *Turecek*, the prosecution asserted, and the district court found, that there was good cause for extending the time period. Knoeppchen argues that this finding of good cause is invalid because it was not made when the district court initially

ordered restitution. However, he cites to no authority, and we have found none, that requires the showing (or finding) of good cause to occur at any particular time. Rather, the statute merely requires that a showing be made. § 18-1.3-603(1)(b).

¶ 27 The essence of Knoeppchen's claim, then, is not that the prosecution failed to show good cause for extending the period, but rather that the court did not address good cause in a timely fashion. In other words, he claims the district court "ignore[d] essential procedural rights or statutory considerations." *Bowerman*, 258 P.3d at 316 (quoting Dieter & Lichtenstein, § 21.10 n.10); *see also James v. United States*, 70 F. App'x 112, 113 (4th Cir. 2003) (treating an assertion that the sentencing court failed to establish the amount of restitution within ninety days as an illegal manner claim under the 1987 version of Rule 35(a) of the Federal Rules of Criminal Procedure — which was identical to the 2004 version of Colorado's rule at issue in *Rockwell*). Knoeppchen's claim, therefore, must be addressed as a challenge to the manner in which the sentence was imposed.

¶ 28 This distinction is fatal to Knoeppchen's claim. While an illegal sentence may be corrected at any time, the district court can

15

only correct "a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence." Crim. P. 35(a). Thus, a claim that a sentence was imposed in an illegal manner must be raised within 126 days of the imposition of the sentence. Crim. P. 35(a), (b). Because Knoeppchen filed his motion to vacate the restitution order well beyond the 126-day limit, his motion was time barred.

### 2. Due Process Challenge

¶ 29    Knoeppchen's second argument is also time barred. He asserts that the district court violated his right to due process by making a post hoc finding of good cause in permitting the tardy restitution request and relying on information presented by the prosecution long after the restitution order was entered. This is a challenge to the constitutionality of the restitution component of the sentence. As such, this claim is cognizable under Rule 35(c). *Wenzinger*, 155 P.3d at 419.

¶ 30    Knoeppchen was convicted of, and sentenced for, a misdemeanor. A Rule 35(c) challenge to a misdemeanor conviction or sentence must be brought within eighteen months of the conviction. § 16-5-402(1), C.R.S. 2018. Where there is no appeal,

this period begins to run when the district court enters judgment and the sentence is imposed. *People v. Pennington*, 989 P.2d 230, 231 (Colo. App. 1999).

¶ 31    Knoeppchen's conviction entered when he was sentenced on August 22, 2013. It is unclear whether the subsequent order fixing restitution would restart the commencement of the statutory filing period. *See People v. Metcalf*, 979 P.2d 581, 583 (Colo. App. 1999) (holding that a modification of sentence pursuant to Rule 35(b) does not restart the clock for a Rule 35(c) motion). Even if we assume it did, the district court entered the initial order imposing restitution on January 8, 2014, and the order amending restitution on July 8, 2014. Knoeppchen first sought to challenge the restitution order on September 15, 2017, more than three years after the last restitution order was issued. Thus, Knoeppchen's due process challenge is also time barred.

### C.    An Appellate Court May Raise Untimeliness

¶ 32    We acknowledge that the People did not argue that Knoeppchen's motion was time barred under section 16-5-402 in the district court. However, so long as the untimeliness is clear from the motion and the record, an appellate court may deny relief

on such grounds even if the issue was not raised in the district court.  § 16-5-402(1.5).  Further, we can affirm a district court's ruling on any ground supported by the record.  *People v. Quintana*, 882 P.2d 1366, 1375 (Colo. 1994).

¶ 33    Because Knoeppchen's motion was untimely, we affirm the district court's denial of the motion, albeit for different reasons than those relied on by the district court.

## III.   Conclusion

¶ 34    The order is affirmed.

JUDGE TAUBMAN and JUDGE BERGER concur.