24CA1625 Peo v Bartelli 04-09-2026

COLORADO COURT OF APPEALS

Court of Appeals No. 24CA1625
Pueblo County District Court No. 18CR1046
Honorable Thomas Flesher, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Teddy R. Bartelli,

Defendant-Appellant.

ORDER AFFIRMED

Division IV
Opinion by JUDGE SCHUTZ
Freyre and Brown, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced April 9, 2026

Philip J. Weiser, Attorney General, Lisa K. Michaels, Senior Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Teddy R. Bartelli, Pro Se

¶ 1     Defendant, Teddy R. Bartelli, appeals the postconviction court's order denying his postconviction motion without a hearing. We affirm.

## I.     Background and Procedural History

¶ 2     In 2018, while on parole, Bartelli robbed a Safeway cashier at gun point and attempted to rob a Walmart cashier at gun point. He was arrested and charged with (1) aggravated robbery; (2) two counts of menacing; (3) four counts of possession of a weapon by a previous offender; (4) misdemeanor theft; and (5) two crime of violence sentence enhancers. The prosecution later added three habitual offender counts.

¶ 3     In February 2020, Bartelli entered into a plea agreement with the prosecution, by which he pleaded guilty to three added counts of identity theft — all of which are class four felonies — in exchange for having the remaining counts in this case dismissed and three unrelated criminal cases dismissed. The added identity theft counts alleged that each crime occurred on the same date using the same financial device. The counts were added to facilitate the plea agreement and were not based on the facts of the original counts.

1

¶ 4 Bartelli stipulated to a factual basis for each of the offenses he pleaded guilty to. And he did so with knowledge that the added claims were fictitious and lacked a factual basis because they were added to facilitate the plea agreement. In the plea, Bartelli agreed he would be sentenced to a total of thirty-two years in the custody of the Department of Corrections, plus three years of parole, in exchange for the dismissal of the remaining counts and the other cases. Bartelli acknowledged that he took the deal to avoid a significantly longer sentence that could have been imposed if he was convicted on the dismissed charges and cases.

¶ 5 Consistent with the plea agreement, Bartelli stipulated to a twelve-year sentence on two of the added counts, and an eight-year sentence on the third count, with all three sentences to run consecutively. In October 2020, the plea court sentenced Bartelli in accordance with the parties' agreement.

¶ 6 In June 2024, Bartelli moved for postconviction relief under Crim. P. 35(a) challenging the voluntariness of the plea agreement because, prior to entering the agreement, the court advised him concerning his rights and the consequences of the plea, which Bartelli argued was an improper involvement in the plea

negotiation. Bartelli also asserted he was denied his right to a speedy trial and that the added counts violated mandatory joinder principles. Finally, he asserted that the plea court illegally ordered the sentences to run consecutively rather than concurrently.

¶ 7 The postconviction court denied Bartelli's motion without a hearing after analyzing his claims under Crim. P. 35(a) and Crim. P. 35(c). Specifically, it found that

(1) The plea court appropriately advised Bartelli of his rights, and that a guilty plea would result in a waiver of those rights.

(2) Most of Bartelli's claims, including the improper involvement in plea negotiations, fell under Crim. P. 35(c) and were untimely because they were filed more than three years after his conviction became final, and Bartelli failed to allege justifiable excuse or excusable neglect for the tardy filing. *See* § 16-5-402(1), C.R.S. 2025 (three-year deadline for filing a Crim. P. 35(c) motion arising out of cases other than class 1 felonies).

(3) Bartelli's sentence was not imposed in an illegal manner.

¶ 8 This appeal followed.

## II.    The Parties' Contentions

¶ 9    At the outset, the parties dispute whether Bartelli's claims are cognizable under Crim. P. 35(a) or (c).  In his postconviction motion, Bartelli raised five claims: (1) the plea court violated his speedy trial rights; (2) the plea court improperly inserted itself into the plea negotiations; (3) the plea court erroneously denied him a preliminary hearing; (4) the added charges violated compulsory joinder principles; and (5) the plea court erroneously sentenced him to consecutive sentences that were supported by the same evidence.

## III.    Bartelli's Crim P. 35(c) Claims

¶ 10    The People contend that only the claim on the propriety of the concurrent sentences is cognizable under Crim. P. 35(a) and that the remaining claims should have been brought under Crim. P. 35(c).  We agree.

### A.    Standard of Review and Applicable Law

¶ 11    We review the summary denial of a postconviction motion de novo.  *People v. Duran*, 2015 COA 141, ¶ 10.

¶ 12    The substance of a defendant's claims, rather than the caption of the motion or the authorities cited therein, control the question of whether a claim is properly cognizable under Crim. P. 35(a) or (c).

*See People v. Collier*, 151 P.3d 668, 670 (Colo. App. 2006).

Pursuant to section 16-5-402(1), a Crim. P. 35(c) motion arising out

of a conviction for a class 4 felony must be brought within three

years of the sentence becoming final.  In this case, Bartelli's

conviction became final in October 2020, when the plea court

sentenced him.[1]

B.     Analysis

¶ 13     Bartelli's speedy trial, preliminary hearing, improper plea

involvement, and compulsory joinder claims are collateral attacks

on the judgment of conviction — meaning that Bartelli is

challenging the validity of the judgment of conviction — rather than

the legality of the sentence.  *See* Crim. P. 35(c)(2)(I), (VI).  Bartelli

filed his motion in October 2024.  Accordingly, the postconviction

---

[1] Bartelli did not directly appeal his conviction.  *See People v. Cichuniec*, 2025 COA 33, ¶ 8 (concluding the mittimus reflecting convictions and sentences was a final judgment appealable when entered); *see also Sanoff v. People*, 187 P.3d 576, 579 (Colo. 2008) (concluding a defendant's sentence, and therefore conviction, "became a final, appealable order upon issuance of the mittimus").

court did not err by concluding that these claims were time barred. § 16-5-402(1).[2]

## IV. Bartelli's Crim. P. 35(a) Claim

¶ 14     The People concede and we agree that Bartelli's argument concerning the impropriety of consecutive sentences was properly treated as a Crim. P. 35(a) claim which is not subject to section 16-5-402(1)'s time bar.  Thus, we turn to the merits of that claim.

### A. Illegal Sentence Claims vs. Illegal Manner Claims

¶ 15     Crim P. 35(a) provides as follows: "Correction of Illegal Sentence.  The court may correct a sentence that was not authorized by law or that was imposed without jurisdiction at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence."  As the supreme court recently explained:

> Crim. P. 35(a) allows a defendant in a criminal case to file a postconviction claim (1) to "correct a sentence that was not authorized by law or that was imposed without jurisdiction" or (2) to "correct a sentence imposed in an illegal manner."  The former is an illegal

---

[2] We also note that Bartelli did not allege justifiable excuse or excusable neglect before the postconviction court or before this court until his reply brief.  We do not address claims asserted for the first time in a reply brief.  *In Interest of L.B.*, 2017 COA 5, ¶ 48.

6

> sentence claim; the latter is an illegal manner claim.

*Tennyson v. People*, 2025 CO 31 ¶ 25 (quoting Crim. P. 35(a)).

¶ 16 Thus, Crim. P. 35(a) recognizes both an illegal sentence and a sentence imposed in an illegal manner. There is no time limit for bringing an illegal sentence claim. Crim P. 35(a). But an illegal manner claim must be filed within 126 days of the sentence becoming final. Crim. P. 35(a)-(b).

¶ 17 In *Tennyson*, the supreme court provided examples of sentences that fall within the purview of a sentence that is unauthorized by law and therefore illegal. One of the examples provided was "when a court orders sentences to run concurrently, even though a statute requires them to run consecutively[.]" *Id.* at ¶ 26 (citing *People v. White*, 179 P.3d 58, 60 (Colo. App. 2007)). That is the essence of Bartelli's claim: that section 18-1-408, C.R.S. 2025 prohibited the plea court from running his sentences consecutively. We conclude this is an illegal sentence claim based on the argument that the sentence was not authorized by law. *Tennyson*, ¶ 26. Thus, the claim is not time barred.

¶ 18    We turn now to whether Bartelli actually asserted a viable claim that his consecutive sentences violated section 18-1-408.

### B.    The Court's Ability to Impose Consecutive Sentences

¶ 19    Section 18-1-408(2) requires the district attorney to bring all claims in a single prosecution that "are based on the same act or series of acts arising from the same criminal episode."  Section 18-1-408(3) provides that "[w]hen two or more offenses are charged as required by subsection (2) of this section *and they are supported by identical evidence* . . . [and] one guilty verdict is returned as to any defendant in a prosecution where multiple counts are tried as required by subsection (2) of this section, the sentences imposed shall run concurrently; except that, *where multiple victims are involved, the court may, within its discretion, impose consecutive sentences*."  (Emphasis added.)  To determine whether the evidence is identical, courts must consider "whether the charges result from the same act, so that the evidence of the act is identical."  *Juhl v. People*, 172 P.3d 896, 902 (Colo. 2007).

¶ 20    Based on the parties' agreement, Bartelli pleaded guilty to three counts of identity theft, which occurs when a person "[k]nowingly uses the personal identifying information, financial

8

identifying information, or financial device of another without permission or lawful authority with the intent to obtain cash, credit, property, services, or any other thing of value or to make a financial payment." § 18-5-902(1)(a), C.R.S. 2025. Identity theft is not a continuing offense. *Allman v. People*, 2019 CO 78, ¶ 20. When a person is convicted of multiple identity theft charges based on his use of a third party's financial device, the separate uses of the device constitute separate acts of identity theft. *Id.*

¶ 21 If multiple counts of identity theft are supported by evidence unique to each charge, the evidence is not identical within section 18-1-408's meaning. *See id.* at ¶¶ 25-27. Thus, in such circumstances a plea court does not abuse its discretion by running the sentences consecutively rather than concurrently. *See id.*

### C. Analysis

¶ 22 Bartelli contends that the plea court violated section 18-1-408(3) because each count in his plea involved the same conduct, was committed on the same day, and involved the same victim.

¶ 23 The People argue that the claim fails on the merits because Bartelli stipulated that there was a factual basis for the added counts in the plea agreement and to consecutive sentencing on

those counts.  Moreover, as the People note, because the counts were added for the sake of the plea agreement, there is no underlying evidence to support the conclusion that the three counts are based on identical evidence.  We agree with the People.

¶ 24     For Bartelli to prevail on his consecutive sentence claim, he was required to prove that the three identity theft counts resulted "from the same act, so that the evidence of the act is identical." *Juhl*, 172 P.3d at 902 ("[T]he test for identical evidence is an evidentiary test rather than an elemental test.").  The mere possibility that identical evidence might support multiple convictions does not, alone, deprive a court of the ability to impose a consecutive sentence.  *People v. Torrez*, 2013 COA 37 ¶ 33. "Instead, the statute requires courts to impose concurrent sentences 'only when the evidence will support no other reasonable inference than that the convictions were based on identical evidence.'" *Id.* (quoting *Juhl*, 172 P.3d at 900).

¶ 25     Bartelli pleaded guilty to three separate counts of identity theft, each committed on the same day using the same victim's financial device.  Contrary to Bartelli's argument, the fact that these three offenses were committed on the same day using the same

10

victim's financial device does not render them one offense. It is entirely possible for a defendant to use a financial device, such as a credit card, on three different occasions in a single day without permission or lawful authority with the intent to obtain cash, credit, property, services, or any other thing of value or to make a financial payment. *See* § 18-5-902(1)(a). That is how these three offenses were charged, and Bartelli pleaded guilty to those charges.

¶ 26 As Bartelli points out, the added charges did not name or describe in detail where or at what time of day the financial device was used. But it does not necessarily follow, as Bartelli's argument assumes, that the three unauthorized uses were made at the same place and time. And, of course, these were fictitious charges added to facilitate the plea agreement that the parties had reached. Bartelli knew the charges were fictitious and intended to facilitate the plea. And with that full knowledge he admitted that there was a factual basis for the pleas and pleaded guilty to them. He then stipulated to the sentences running consecutively.

¶ 27   As a division in this court reasoned in *People v. Maestas*, 224 P.3d 405, 409 (Colo. App. 2009):

> [B]y waiving the establishment of a factual basis for the added second degree assault charge, defendant also waived [his] right to rely on section 18-1-408(3).  If defendant had wanted to ensure that all of the sentences imposed pursuant to the plea bargain would be subject to the concurrent sentencing mandate of section 18-1-408(3), [he] could have rejected any plea agreement that called for guilty pleas to multiple charges unless the charges were clearly based on identical evidence; or, more simply, [he] could have achieved the same result by rejecting any plea agreement that did not include a stipulation for concurrent sentences.

The same rationale controls here.  Thus, we find his argument that all of the offenses were based on a single event is inconsistent with the terms of the plea agreement, his representations to the court, and his guilty plea to each separate count.  The postconviction court therefore did not err by summarily dismissing his illegal sentence claim.

## V.   Disposition

¶ 28   The postconviction court's order is affirmed.

JUDGE FREYRE and JUDGE BROWN concur.

12